# Louisville & Nashville Railroad Company v. Culbertson.

(Decided April 24, 1914.)

### Appeal from Kenton Circuit Court
### (Criminal, Common Law & Equity Division).

1. **Appeal—Review.**—An error occuring at the trial cannot be reviewed unless it be made a ground for a new trial.
2. **Appeal.**—A question not raised upon the trial cannot be considered upon appeal.
3. **Land—Removal of Earth Upon One's Own Land to Injuries of Adjoining Land Owner—Land Owner.**—The owner of land adjacent to the lands of another is liable for damages for removing the earth upon his own land so as to withdraw the natural support of his neighbor's soil.
4. **Railroads—Removal of Earth Upon Land of Another.**—Under the Constitution of 1891, the rule above announced applies to a railroad company in the use of its right of way; the railroad company occupying the same relation as any other adjacent proprietor when the deed under which it holds does not confer any larger right than usually follows from the sale and purchase of land under ordinary deeds.

BENJAMIN D. WARFIELD and S. D. ROUSE for appellant.

M. H. McLEAN for appllee.

OPINION OF THE COURT BY JUDGE MILLER—Affirming.

In 1850, the appellee's remote vendor sold to the appellant's predecessor in title a right of way over a hillside farm near Ryland, in Kenton County, which is now owned by the appellee.

In 1911, appellant was engaged in double tracking its Kentucky Division, and in doing that work it became necessary for it to procure an additional right of way through Culbertson's farm. To this end appellant, by a deed dated July 27th, 1911, bought from Culbertson a strip of land, of about four acres, adjoining its original right of way on the west, for the consideration of $1,000.00. That deed contained the following provision:

"It is understood that the foregoing land is purchased by the party of the second part for the purpose of constructing and operating thereon a railroad and facilities appurtenant thereto," etc.

Appellant entered upon the land thus conveyed to it, and began to excavate thereon, and entirely within its right of way, for the purpose of widening the cut through which the track ran at that point. This excava-

tion caused the adjoining lands of Culbertson to slip and slide toward the excavation, creating large crevices and cracks in Culbertson's land, thereby damaging it to such an extent as to render it almost worthless for farming purposes. The sliding not only caused long and deep crevices and holes in the adjoining land, which rendered it impassable and therefore untenable by the use of ordinary farming machinery, but caused water to gather in the holes, thus making the land permanently damp.

On August 8, 1912, Culbertson filed this action for damages against the appellant company, alleging that it had, through its contractors, agents and employees, dug into the strip of land which Culbertson had conveyed to it on July 27, 1911, for the purpose of making a grade for its railroad tracks, and that in doing so it had removed the lateral support of appellee's land, thereby causing it to break into great crevices for long distances west of the railroad right of way, and that the same was slipping and sliding toward the cut made by the appellant.

There is no charge of negligence against appellant; the petition merely charges that Culbertson's damages were caused by the company having removed the lateral support to his remaining abutting land, by excavating upon, and entirely within, its right of way.

The trial court held the appellee could recover; and Culbertson having recovered a judgment for $750.00, the defendant appeals.

As error, appellant insists, (1) that since Culbertson's first deed of July 27, 1911, to appellant expressly recites that the land was to be used for the construction and operation of a railroad thereon, and contained no reservation of a right in the grantor to claim damages for any injury that might thereafter result to Culbertson's remaining land, and there being no averment or proof that it was negligent, the law conclusively presumes that Culbertson received compensation, in what he received for the land he sold the railroad company, for any damage to the remainder of his land; (2) that the damages were excessive; and (3) that plaintiff did not make his loss or damage as light as possible, as the law required him to do.

Disposing of these questions in their inverse order, it is sufficient to say that the third ground of error is not reviewable because it was not raised either by the

answer, or by an instruction tendered, or otherwise; while the second ground is likewise not reviewable because it was not made a ground for a new trial. L. & N. R. R. Co. v. Wilkin's Gdn., 143 Ky., 575; L. & N. R. R. Co. v. Commonwealth, 154 Ky., 294. There remains, therefore, for determination, the first assignment only.

Appellant rests its argument for a reversal upon the authority of Hortsman v. Cov. & Lex. R. R. Co., 18 B. Mon., 218; and it must be conceded, that if that case is still authoritative, it sustains appellant's view.

In that case, Hortsman had granted the company a right of way for its railroad to pass through his land, and in preparing that way it became necessary for the company to make a deep cut in the ground over which the way was to be enjoyed. Hortsman brought his action for damages against the company, for its failure to build a retaining wall on the side of the cut to prevent the falling in of its side, which subsequently happened to the injury of Hortsman. The trial court sustained a demurrer to the petition, and Hortsman appealed.

In affirming that ruling, the court said that inasmuch as Hortsman knew the way would be used for a railroad track, the presumption arose that he had estimated the damage that would necessarily result from that use, and had included it in the purchase price; and that he could recover only for damages arising from a negligent use of the way, which was not claimed.

While it is well settled in this jurisdiction that the owner of land adjacent to the lands of another is liable for damages for removing the earth upon his own land so as to withdraw the natural support of his neighbor's soil, it will be noticed that the Hortsman case draws a distinction between the rights and liabilities of ordinary adjacent land owners in respect to lateral support, and the rights and liabilities of a railroad company and an adjacent proprietor concerning the uses to which the right of way of the railroad company may be put, and that the doctrine of lateral support applicable to ordinary adjacent land owners did not obtain between a railroad company and an adjacent land owner. The Hortsman case distinctly held that a railroad company could remove the lateral support afforded by its right of way without subjecting itself to any liability, although the removal might damage the adjoining owner.

The Hortsman case, however, was decided in 1857, many years before the adoption of the present Constitution, with its broad provisions for the protection of property rights.

The precise question now before us was presented and decided in the late case of C. & O. Ry. Co. v. May, 157 Ky., 708. In that case, as in this, the company bought a strip of ground to be used as a right of way for the construction of a railroad track; and the company invoked the doctrine of the Hortsman case to shield it from liability for damages inflicted upon Mrs. May, the adjoining land owner, by withdrawing the lateral support from her land, thereby causing it to slip from its natural position. In speaking of the Hortsman case and in sustaining the claim of Mrs. May upon the ground that the doctrine announced in the Hortsman case had been superseded by the present Constitution, the court said:

"It must be conceded that this case supports the contention of counsel for the railroad company, and if it is to be regarded as controlling authority, the railroad company cannot be held liable for removing the lateral support afforded by its right of way to the adjacent hillside land of Mrs. May. But we do not find ourselves able to agree with counsel that the rights and liabilities of the parties to this suit are to be determined by the principle announced in this case.

"It was decided many years before the adoption of the present Constitution, and under a Constitution that was not near so broad in its protection of property rights as the present one. Section 242 of the present Constitution reads in part: 'Municipal and other corporations, and individuals invested with the privilege of taking private property for public use, shall make just compensation for property taken, injured or destroyed by them.'

"Under this section no corporation or individual is permitted to either take, injure or destroy property without first making just compensation for the property so taken, injured or destroyed. City of Henderson v. McClain, 102 Ky., 402; Pickerill v. City of Louisville, 125 Ky., 213; Moore v. Lawrence County, 143 Ky., 448, and Langhorne v. Turman, 141 Ky., 809.

"If, therefore, the act of the railroad company in removing the lateral support afforded by the natural con-

formation of its right of way before the excavation was made, comes within the scope and meaning of this section, as we think it does, the company is liable for the resulting damages to the same extent as any other proprietor would be. So that if cases of this class were not governed before the present Constitution by the rules that controlled ordinary adjacent land owners, although there seems no good reason for holding that they should not be, the right of recovery may now well be put upon the ground that it is authorized by the section of the Constitution mentioned.''

The effect of the decision in the May case is, that under the present Constitution a railroad company in the use of its right of way occupies the same relation as any other adjoining proprietor when the instrument under which it holds does not confer any larger right than usually follows from the sale and purchase of land under ordinary deeds; and being on all fours with the case at bar, it is conclusive of the question now before us.

Judgment affirmed.