COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,

v.

Guy WILLIAMS et al., Appellees.

Court of Appeals of Kentucky.

Oct. 31, 1958.

Jo M. Ferguson, Atty. Gen., Astor Hogg, Chief Asst. Atty. Gen., Dennie Gooch, Jr., Frankfort, for appellant.

J. T. Hatcher, Elizabethtown, for appellee.

CLAY, Commissioner.

The Commonwealth condemned something over seven acres of appellees' 200-acre farm on U. S. Highway 62 for road construction purposes. The jury awarded the owners $44,500. The Commonwealth appeals on the grounds (1) erroneous admission and exclusion of evidence, and (2) excessiveness of the award.

The Commonwealth contends that the landowners' witnesses based their valuations on the assumption that the land taken consisted of town or commercial lots, when as a matter of fact the land is located six miles from Elizabethtown. The Commonwealth in its brief fails to point out a single line of testimony by any witness which constituted objectionable evidence, nor does the brief point out that any objections were made to this testimony, or that the court was given an opportunity to consider such an objection. Under those circumstances we have no inclination to discuss the academic question raised by the Commonwealth. We may say that our review of the evidence fails to disclose that the valuations of the property were based upon improper considerations.

■ The Commonwealth suggests (but does not dignify it as a ground for reversal) that the landowners improperly introduced in evidence colored pictures. Since it was testified that they fairly and accurately represented the appearance of the property at the time it was condemned, they should be admissible the same as black and white pictures. See 53 A.L.R.2d 1102.

■ The Commonwealth contends the court improperly excluded the tax commissioner's record of the assessed valuation of the farm. This valuation was not fixed by the landowners, and we have ruled it incompetent. Commonwealth v. Gilbert, Ky., 253 S.W.2d 264. This rule is generally followed. See 39 A.L.R.2d 214.

■ The Commonwealth finally contends that the damages are excessive. This question was not presented to the trial court by a motion for a new trial or otherwise. Under the Civil Code this objection to the verdict was not reviewable if not raised by a motion for a new trial. Louisville & N. R. Co. v. Culbertson, 158 Ky. 561, 165 S.W. 681.

■■ The same reason for the rule applies under our Rules of Civil Procedure. Since this is an appellate court, our function is to review possible errors made by the trial court. If such court has had no opportunity to rule on a question, there is no alleged error before us to review. This seems particularly true with respect to excessive damages, a matter about which the trial court ordinarily would be in a much better position to judge than we. Before this Court may review the issue of excessive damages (ground 4, CR 59.01), the trial court must have been given an opportunity to rule thereon. Clay, CR 59.06, Comment 3 (page 526).

■ In spite of the fact that the Commonwealth has not properly raised this question, we have considered the evidence and do not find the award excessive.

The jugment is affirmed.