**COMMONWEALTH of Kentucky, DEPART-MENT OF HIGHWAYS, Appellant,**

**v.**

**Frank A. BRANHAM et al., Appellees.**

Court of Appeals of Kentucky.

June 12, 1964.

John B. Breckinridge, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., Frankfort, Walter Mobley, Dept. of Highways, Flemingsburg, for appellant.

Thomas E. Phipps, John C. Clarke, Ashland, James E. Atkins, City Sol., Catlettsburg, for appellees.

WILLIAMS, Judge.

Because of the construction of a limited access highway, designated as Interstate 64, the Commonwealth of Kentucky found it necessary to condemn a portion of land owned by the appellees, Frank and Ruth Branham. From a judgment of $30,294 in the county court both parties appealed to the Boyd Circuit Court. From a judgment in the amount of $40,000 in the Circuit Court the Commonwealth has appealed.

The appellees owned 125 acres which had been operated as a dairy farm until 1957. About 15 acres were level and the remainder was hill pasture land. Eight of the level acres had been subdivided and some lots had been sold. A 15.25-acre strip through the level area was taken. All of the outbuildings necessary to a dairy operation, as well as a portion of the land which had been subdivided, were taken. The right of way of the new highway is located within 16 feet of appellees' home, which was not taken.

The Commonwealth's witnesses believed the appellees were entitled to recover an amount somewhere in the neighborhood of $24,000 to $27,000. On the other hand, the appellees' witnesses testified the amount should be more in the neighborhood of $60,000 to $70,000. The jury, as usual, split the difference and allowed $40,000. The award was high, but, in view of the fact that most of the only really good land was taken from the farm, we cannot say it was grossly excessive. It must also be observed the taking deprived the appellees of all buildings except the house and of any source of water on the hillside pasture tract which was separated from the house, and that the subdivision was pared down, which materially reduced its value.

As heretofore noted, the land was not being used as a dairy farm at the time of the taking. The appellees claimed its best use,

however, was still as a dairy farm. The Commonwealth denied this on the ground the subdivision had taken up so much of the level land that it could no longer be operated profitably as a dairy farm. In an attempt to demonstrate its value at the time it was operated as a dairy farm, the Commonwealth sought to introduce tax returns for the years 1955 and 1956. Under authority of Commonwealth Dept. of Highways v. Rankin, Ky., 346 S.W.2d 714 (1960), the trial court permitted the introduction of the 1961 tax return (the year of the taking), but refused to allow the introduction of the earlier returns on the ground they were too remote.

It is common knowledge that landowners assess their property as low as the law allows and then as much lower as the tax commissioner will agree to. Jurors are well advised of this common evasion of the constitutional mandate that property shall be assessed at 100 percent of its value. Nevertheless, for years it has been declared that evidence from tax returns is admissible. For example, in Sandy Valley & E. Ry. Co. v. Bentley, 161 Ky. 555, 171 S.W. 178 (1914), the trial court refused to permit "the yellow sheets on which the defendants had scheduled their property for taxation to be given in evidence." Commenting on that fact, this Court said:

"* * * While such evidence is admissible, yet in view of the fact that it throws but little light on the actual value of the property assessed, and necessarily has but small weight with the jury, we conclude that its rejection was not prejudicial."

The Commonwealth got the 1955–1956 tax returns into the record by way of avowal and we note that the property was assessed at virtually the same amount during those years as it was during the year 1961. Although probably not too remote under the circumstances, the evidence obtained from those prior years would have been merely cumulative, and had little

weight with the jury. Consequently, the refusal to permit the introduction of the 1955–1956 returns was not prejudicial.

 The Commonwealth's witnesses testified concerning the value of the buildings separate and apart from the land. In order to rebut that testimony the appellees put on a building contractor who stated his idea of the value of the buildings. We have held that it is improper to consider improvements on the land except as they enhance the market value of the land, Commonwealth Dept. of Highways v. Stamper, Ky., 345 S.W.2d 640 (1961); but here the Commonwealth opened it up and cannot now object to rebuttal evidence along the same line.

 Finally, one witness for the appellees calculated the value of the land by separately determining the value of trees, spring, et cetera. That was improper, but should have been objected to and the court should have been requested to strike it. It was not, and the court did not, and the point is lost.

The judgment is affirmed.