**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

v.

**Sannie BELK et al., Appellees.**

Court of Appeals of Kentucky.

March 26, 1965.

John B. Breckinridge, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., Frankfort, James H. Lucas, Department of Highways, Bowling Green, for appellant.

Aaron F. Overfelt, Bowling Green, for appellees.

WADDILL, Commissioner.

In this condemnation action instituted pursuant to the provisions of KRS 177.081 et seq. the jury awarded the appellee landowner $62,000 for the land and buildings taken and $1500 as damages to the remainder. In seeking reversal of the judgment the Commonwealth urges that the court erred: In permitting the jury to base its award upon appraisal testimony having insufficient probative value; in ruling upon admissibility of certain evidence and in instructing the jury.

■ Upon direct examination Earnest Miller and Robert Devasier testifying on the landowner's behalf gave the following values of the property before the taking and the total damages caused thereby:

|  | Before Value | Damage |
|---|---|---|
| Miller | $99,151 | $71,325 |
| Devasier | 92,000 | 75,000 |

Upon cross-examination, when asked the worth of a hypothetical tract of land identical with that of the landowner's remaining land, they testified as follows:

| Miller | $64,844 |
|---|---|
| Devasier | 51,600 |

When these latter amounts are subtracted from the value assigned to the tract before the taking upon direct examination, the total damages are:

| Miller | $34,307 |
|---|---|
| Devasier | 40,400 |

Both Miller and Devasier, who were skilled in professional appraisal techniques and were regularly engaged in land transactions in the Bowling Green area, qualified as expert valuation witnesses. The jury was thus entitled to give their opinions of damage great weight and apparently did so.

There was no attempt to explain the substantial differences in their opinions of damage reflected by their direct and cross-examinations. Because of these inconsistencies appellant moved to strike the testimony of these witnesses, which motion was overruled.

■ Ordinarily, a witness' testimony ought not be stricken for a mere conflict in his testimony. West Kentucky Coal Co. v. Commonwealth, Ky., 368 S.W.2d 738. However, when the chief controversy is the amount of damages to be awarded and an expert witness gives opinions of the amount of damages which are glaringly contradictory, his status as an expert becomes so unreliable that his testimony should be stricken upon a proper motion.

■ We have concluded that the failure to sustain the motion in the instant case constituted prejudicial error. We observe that the landowner's valuation witnesses used the wrong approach in establishing damages and, in the event of a retrial, they should follow the procedure set out in Commonwealth v. Sherrod, Ky., 367 S.W.2d 844 and in Commonwealth v. Cardinal Hill Nursery, Inc., Ky., 380 S.W.2d 249.

■ The appellant contends that the trial court erred in permitting M. B. Williams to assign separate values to certain underground storage tanks used in conjunction with a service station located on the condemned land and also in instructing the jury on the measure of damages. We agree. In the event of a new trial the trial court shall sustain objections to placing separate values on individual factors (Commonwealth, Department of Highways v. Sherrod, Ky., 367 S.W.2d 844) and shall be guided by our decision in Commonwealth, Department of Highways v. Priest, Ky., 387 S.W.2d 302 (decided November 20, 1964) in formulating its instructions. The trial court also erred in failing to permit appellant to cross-examine the witnesses about the value of the tract after the construction of the new road had been com-

pleted. Commonwealth, Department of Highways, v. Wood, Ky., 380 S.W.2d 73.

Furthermore we observe that if the evidence concerning the issue of the landowner's property line is substantially the same upon retrial, it may be resolved by reference to our decision in Commonwealth, Department of Highways v. Conley, Ky., 386 S.W.2d 750 (decided November 25, 1964).

The judgment is reversed with directions to grant appellant a new trial.