**COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,**

v.

**John MERRIMAN et ux., Appellees.**

Court of Appeals of Kentucky.

June 25, 1965.

Robert F. Matthews, Atty. Gen., William
A. Lamkin, Jr., Asst. Atty. Gen., Frankfort,
Deddo G. Lynn, Lexington, for appellant.

James F. Clay, Jr., Danville, for appel-
lees.

HILL, Judge (reversing).

The Commonwealth appeals from a $3,-
025 judgment for a strip of appellees' front
yard 6 X 159 feet on which were situated
some shrubs and a yard fence. Twenty-
five ($25) Dollars of the judgment is for
an agreed valuation for temporary ease-
ment. The land is sought for improvement
of U.S. 150 between Danville and Perry-
ville.

Before the taking, appellees' house, lo-
cated on the lot, was 25 feet from the old
right-of-way. The right-of-way after the
taking will be 19 feet from the residence.
Before the taking, the nearest edge of the
hard surface of the old road was 32 feet
from the home. After taking, it is 54 feet.
The strip taken contains approximately 954
square feet.

Appellant complains of (1) incompetent
evidence, for lack of proper qualification of
the witness, and (2) excessiveness of the
amount of the verdict.

First, was the testimony of appel-
lee, John Merriman, incompetent because
of his failure to qualify on knowledge of
market value? He had not bought or sold
any real estate but had "seen it" sold. He
was 62 years of age, a farmer and carpen-
ter, and had lived in the community 40
years. He heard of the sale of the Ison
place behind him, and "just different places
all up and down the road." Certainly, this
witness was not an expert, or a profession-
al. That he was qualified on values at all
is subject to serious debate. We have con-
cluded his evidence was of some value to
the jury, although its probative value is
small. Cf. Commonwealth of Kentucky,
Department of Highways v. Tyree, Ky.,
365 S.W.2d 472 (1963). Also, Common-
wealth, Department of Highways v. Fister,
Ky., 373 S.W.2d 720 (1963).

Was the judgment excessive? Un-
questionably we think it was. Before the

taking the entire lot fronted 159 feet on the old road and extended back in parallel lines an average of 97 feet, thus containing 15,-423 square feet. The house has four rooms, a bath, and partial basement framed up with rock. The strip taken contains 954 square feet, for which the judgment allows appellees $3.14 plus per square foot. At this same rate the entire lot would sell for $48,428.22 plus, without the house. Of course, we do not intend to imply that this means of arriving at value is a controlling one. There are other important considerations to appellees, such as loss of a shade tree and some shrubs and the closer proximity of the right-of-way to their home. However, change of grade has been favorable to appellees. Before the taking there was a minus four percent grade. New construction made a cut measuring 3.5 feet down to 1.1 feet.

Appellant's witness, Harper, an employee of appellant, and a professional appraiser of considerable experience, testified the difference in before and after value of this property was $250.

Appellee, John Merriman, fixed the difference at $3,000. His two witnesses made it $2,950 and $3,250, respectively.

Appellant's witness relied on comparable sales, three of which he compared in value, size of lot with improvements, and located a few hundred feet from appellees' property.

We conclude this is one of those cases where at first blush it strikes the judicial conscience as being grossly excessive. Cf. Ballard v. King, Ky., 373 S.W.2d 591 (1963); Commonwealth of Kentucky, Department of Highways v. Branham, Ky., 380 S.W.2d 213 (1964); Commonwealth of Kentucky, Department of Highways v. American National Bank & Trust Company, Ky., 379 S.W.2d 252 (1964).

The judgment is reversed with directions to grant appellant a new trial.

PALMORE, J., dissents.

PALMORE, Judge (dissenting).

I dissent from the majority opinion on the ground that the amount of the verdict does not strike me as obviously excessive. Perhaps if I were a qualified expert on real estate values in Boyle County, and if my expert opinion as such were a proper source of consideration in reviewing this case, I might feel otherwise. I think it is thoroughly unsound and, indeed, unfair to suggest that if the 954 square feet on the front of the lot was worth $3,000 the whole lot would have been worth $48,428. It is common knowledge, even to such non-experts as ordinary judges, that the front part of a lot has a higher value than the back.