COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,

v.

TAYLOR COUNTY BANK, Appellee.

Court of Appeals of Kentucky.

Oct. 1, 1965.

Robert F. Matthews, Atty. Gen., Wm. A. Lamkin, Jr., Asst. Atty. Gen., Frankfort, Tildon McMasters, Harold K. Huddleston, Elizabethtown, for appellant.

Clyde Williams, Jr., Campbellsville, for appellee.

STEWART, Judge.

In this condemnation proceeding instituted in Taylor Circuit Court by the Commonwealth of Kentucky, Department of Highways, against the Taylor County Bank, the jury awarded the landowner $2250 for a temporary easement and $19,500 for the land taken. The Department appeals.

The property affected is located between First and Second Streets in the City of Campbellsville, and a portion thereof was condemned for additional right of way for the purpose of widening Second Street. Appellee's original parcel of land had a frontage of 132 feet on both streets and a uniform depth of 165 feet, and a newly erected drive-in bank was situated in the center of the lot. This building faces First Street which carries one-way traffic in a

westerly direction toward town. Prior to the reconstruction work done on it, Second Street was one way in the opposite direction, and was without curb, gutter or sidewalks, and was in a poor state of repair.

The first ground for reversal is that the jury allowance of $2250 for the rental value of the easement was unsupported by competent, relevant and substantial evidence, with the result that the amount granted was grossly excessive.

The record reveals a temporary construction easement fifteen feet in depth was secured across the entire frontage of the property on Second Street; and that the duration of the use of this easement was for a period of six or seven months. Appellant's witnesses, two in number, placed a rental value of $400 and $500 on the easement. Appellee's appraisal witnesses, only two of whom testified on this point, estimated the rent for the fifteen-foot strip at $6500 and $4000.

The higher figure was testified to by the president of the bank and the lower by a commissioner of the Taylor county court. Both sought to show a loss of business was occasioned to the bank from the utilization of the temporary easement by appellant. These witnesses stated that customers, in order to reach the bank, were compelled to travel over to and thence on First Street; and, in leaving the premises, they had to circle the building or turn around on the same side they had entered in order to get back on the same street. A timely motion to strike this testimony was overruled.

■ This Court has uniformly held that the rental value of the land involved, not the business loss estimated to have occurred during the time the new road was under construction, is the proper measure of damages for the use of a temporary easement. See Commonwealth Department of Highways v. Fister, Ky., 373 S.W.2d 720. Actually, no loss of business was established under the evidence presented; there was only some inconvenience shown while Second Street was undergoing construction.

The loss of dominion over the easement did not of itself prohibit the passage of traffic to and from the bank; it was solely produced by the construction work in progress on the right of way acquired for widening Second Street.

We have held that any interference with the enjoyment of property upon the part of the owner, which results from reasonable construction operations on an adjoining highway, is not a valid compensable factor. See Commonwealth, Department of Highways v. Eubank, Ky., 369 S.W.2d 15. See also the recent case of Commonwealth, Department of Highways v. Ray, Ky., 392 S.W.2d 665, where the point under consideration was discussed in detail.

■ We conclude the evidence in this case does not support any award other than one for nominal damages for the temporary easement utilized by appellant during the time it reconstructed Second Street.

We now turn to the next ground advanced for reversal, namely, that the verdict of $19,500 for the land taken was based upon improper criteria of value. Appellant's two witnesses appraised the difference in market value of the property before and after the taking at $14,600 and $15,250. Five witnesses, testifying for appellee, estimated this difference at amounts as high as $40,000 and as low as $20,000.

When cross-examined, appellee's witnesses explained that their appraisals were arrived at because of the loss of about 22% of the parking area, because the building is now off-center and as a consequence its appearance is injuriously affected, and because the north side does not drain toward Second Street, with the result that the space around the bank floods after a heavy rain.

■ We believe this evidence was of sufficient probative weight to support that portion of the verdict concerning the land taken. There is no claim this particular award by the jury was excessive.

■ Appellant's counsel elicited from appellee's witnesses certain statements that appellant now argues are legally noncompensable factors of damage. None of these statements was objected to during the trial. It is now too late to complain as regards these alleged errors in this appeal.

■ The function of the Court of Appeals is to review possible errors made by the trial court, and if such court had no opportunity to rule on a question, there is no alleged error before this Court for review. See Commonwealth, Department of Highways v. Williams, Ky., 317 S.W.2d 482.

■ The final complaint is that certain pictures were introduced, over appellant's objection, to show the parking condition that existed after one end of the lot had been cut off and acquired by appellant. It is contended they show a rush-hour condition. Clearly these pictures were admissible, since they accurately portrayed the true effect of the taking at a time when parking space was most needed.

Wherefore, the judgment is reversed as to the allowance of $2250 for a temporary easement and affirmed as to the award of $19,500 for the land taken.