COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,

v.

H. S. SHEFFER et al., Appellees.

Court of Appeals of Kentucky.

Oct. 22, 1965.

Rehearing Denied March 25, 1966.

Robert F. Matthews, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., Frankfort, Dandridge F. Walton, Madisonville, John E. Smith, Lexington, for appellant.

William L. Sullivan, Dorsey & Sullivan, Henderson, for appellees.

MONTGOMERY, Judge.

H. S. Sheffer was awarded a total of $7,640 in a condemnation action filed by the Department of Highways. On appeal the Department urges, inter alia, that the verdict is excessive.

The property owned by Sheffer fronted on U. S. 41 near Henderson for 108 feet and had a depth of 250 feet. There is a slope upward from the front to the rear of the lot where a frame residence and a two-car garage are located on a knoll. The property is being used for residential purposes only.

The property taken consisted of a strip 10 feet wide and 108 feet long across the front of the lot plus an adjacent area of 10 feet by 10 feet for a catch basin, or a total of 1,180 square feet. A temporary easement 30 feet deep and 108 feet long, or 3,240 square feet, was taken for construction of the catch basin and in order to connect the existing driveway to the new driveway. A lamp post and three shrubs were removed. The jury awarded $7,000 for the difference in the market value of the property before and after the taking and $640 as the fair market rental value of the temporary easement.

The contention is made that the verdict is excessive. Appellee urges that the best use of the property is a combination of commercial and residential uses; that appellee will have 20 feet less of the lot for commercial purposes; that the driveway grade had been changed; that the lamp post had to be moved and reinstalled and three shrubs removed; that the entrances were restricted; and that the extension of the catch basin above the ground surface would constitute an interference with the enjoyment and use of the property. In spite of the contentions made by appellee, which the appellant has undertaken to answer, it is considered that the award, as said in Commonwealth, Dept. of Highways v. Merriman, Ky., 392 S.W.2d 661, strikes the judicial conscience at first blush as being excessive. In that case $3,000 was awarded for a strip 6 feet by 159 feet on which were situated a wire fence and shrubs, plus $25 for a temporary easement. See also Commonwealth, Dept. of Highways v. Ray, Ky., 392 S.W.2d 665; Commonwealth, Dept. of Highways v. George, Ky., 387 S.W.2d 580; Commonwealth, Dept. of Highways v. Taylor County Bank, Ky., 394 S.W.2d 581 (decided October 1, 1965).

In determining that an award is excessive, the Court does so in the face of the valuations by the landowner and his witnesses, including qualified real estate appraisers. In looking at a cold record in such case, one is free from the persuasive eloquence of counsel. At the same time the Court is not altogether unlearned in land values, if for no other reason because of the plethora of condemnation cases before this Court. One is not compelled to accept as true, testimony of value which exceeds any rational appraisal or estimate of the damages and which at first blush shocks the judicial conscience. 22 Am.Jur.2d, Damages, Section 366, pages 472–4.

Other questions raised have previously been decided. See Commonwealth, Dept of Highways v. Belk, Ky., 389 S.W.2d 920; Commonwealth, Dept. of Highways v. Napier, Ky., 387 S.W.2d 861; Commonwealth, Dept. of Highways v. Shaw, Ky., 390 S.W. 2d 161; Commonwealth, Dept. of Highways v. York, Ky., 390 S.W.2d 190; Commonwealth, Dept. of Highways v. Priest, Ky., 387 S.W.2d 302.

Judgment reversed.

PALMORE, J., not sitting.