**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

v.

**Linville HARVEY et al., Appellees.**

Court of Appeals of Kentucky.

Nov. 19, 1965.

Robert Matthews, Atty. Gen., William A. Lamkin, Jr., Asst. Atty. Gen., Frankfort, Edmond H. Tackett, Pikeville, for appellant.

C. Kilmer Combs, Ashland, Earl R. Cooper, Marcus Mann, Salyersville, for appellees.

CULLEN, Commissioner.

The Commonwealth of Kentucky, Department of Highways, appeals from a judgment awarding the appellee landowners $15,000 as damages for property taken by condemnation for highway purposes.

The property involved was a 73-acre farm in the hills of Magoffin County. The state took 9.41 acres through the middle of the farm for a nonaccess highway, leaving two landlocked parcels. On the land taken were the house, barn, coal house and chicken house. All of the witnesses agreed that the "after" value did not exceed $1,000. The conflict came in the estimates of "before" value.

The witnesses for the state, using comparable sales, fixed the "before" value at $8,000. One of the landowners, testifying for himself, put the value at $16,500. The only other witness for the landowners, who qualified as an expert, estimated the value at $17,500.

The landowner did not support his estimate by any comparable sales and in fact he showed almost no basis of qualification to express an opinion of market value. Furthermore, it was made quite clear on cross-examination that the real basis of his estimate of value was his nebulous concept of what the farm "was worth to him." The motion to strike his testimony should have been sustained. See Commonwealth, Dept. of Highways v. Fister, Ky., 373 S.W.2d 720; Commonwealth, Dept. of Highways v. Merriman, Ky., 392 S.W.2d 661 (decided June 25, 1965); Commonwealth, Dept. of Highways v. Darch, Ky., 390 S.W.2d 649.

The expert who testified for the landowners gave absolutely nothing to support his estimate of $17,500 other than his bare opinion as an expert. It is true that

a showing of comparable sales is not required to make *competent* an expert's estimate of value. Commonwealth, Dept. of Highways v. Brubaker, Ky., 375 S.W.2d 404. But where the unsupported estimate of an expert considered in the light of the circumstances disclosed by the rest of the evidence appears extravagant, the estimate may lack *full* credibility and be insufficient to sustain a verdict in the amount of the estimate. Commonwealth, Dept. of Highways v. Tyree, Ky., 365 S.W.2d 472.

■ In the instant case the farm was in a remote, hilly, rural area. The improvements, pictures of which are in the record, were modest. The house lacked plumbing and central heat. A person with an average knowledge of land values would not find elements of value totalling a figure as high as the estimate of the expert witness here. The entire property was assessed for taxation at only $550. There are indications that the witness substantially overestimated the amount of bottom land in the farm. Under these circumstances the estimate of value by the witness strikes us as extravagant, and since it lacks any support in comparable sales or otherwise we are of the opinion that it does not have sufficient probative value to sustain a verdict as large as the one here returned.

The judgment must be reversed because the verdict is not sustained by the evidence.

■ The appellant complains of the admission of certain colored photographs of the farm and improvements, the basis of the complaint being that the photographs did not fairly and accurately represent the appearance of the property. See Commonwealth, Dept. of Highways v. Williams, Ky., 317 S.W.2d 482. The only specific defect pointed out is that the photographs show the barn as being a good, solid blue color whereas in fact the barn was a faded brown color. We think this is trivial.

The judgment is reversed with directions for further proceedings in conformity with this opinion.