**T. C. DECKER et al., Appellants,**

**v.**

**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellee.**

Court of Appeals of Kentucky.

Nov. 24, 1967.

John G. Prather, Lawrence S. Hail, Somerset, for appellants.

Robert Matthews, Atty. Gen., H. C. Smith, Asst. Atty. Gen., Frankfort, Phillip J. Wicker, Dept. of Highways, Somerset, for appellee.

DAVIS, Commissioner.

T. C. Decker and Nora Decker appeal from a judgment in a condemnation proceeding in which they were awarded $3,600. They complain: (1) that the court erred

in striking the testimony of a witness offered by them; (2) in admitting improper photographs into the evidence; (3) in permitting improper cross-examination of a witness presented in their behalf; and (4) that the verdict is inadequate.

Before the taking, the tract involved contained nearly twenty-five acres fronting for about 2,600 feet along U. S. Highway 27 and was situated about two miles south of Somerset. The parcel was an irregularly shaped one having most of its frontage along U. S. Highway 27, which forms the west boundary of the tract. A jutting part of the tract extends to former U. S. 27 where a frontage along that existing roadway extends for 230 feet.

The acquisition in this case is for a right-of-way embracing 1.64 acres to lead from existing U. S. Highway 27 to the Somerset Community College which is located just east of old U. S. 27. The new construction will be for a nonaccess highway and will effect another parceling of appellants' land, which was already somewhat parceled by even a third roadway referred to as the old Monticello Pike.

The landowners offered evidence fixing the before value of the property as ranging between $52,000 and $70,900, with after values starting at $36,400 and extending to $51,100. According to the figures presented by the witnesses for the landowners, the difference in the before and after values was from $13,915 to $19,800.

Two witnesses testified for the appellee, Department of Highways, each of whom fixed the before value at $25,000 and the after value at $21,720, with a resulting difference of $3,280. The jury found the before value to be $26,000 and the after value as $22,400, resulting in its verdict of $3,600.

■ Upon motion of the Department, the trial judge struck the testimony of witness Simpson who had testified as to values for the appellants. An examination of the testimony of this witness reveals that he formulated his after value by appraising the strip of land taken and adding to that figure the damages he regarded as resulting to the remainder; then he deducted the sum of those two figures from the amount he had determined as the before value and came up with his after value. This method of computation was condemned in Com., Dept. of Highways v. Sherrod, Ky., 367 S.W.2d 844, and has been condemned in a host of cases following the Sherrod case. In Com., Dept. of Highways v. Mann, Ky., 387 S.W. 2d 848, we held that evidence of values computed as was done by witness Simpson in this case should have been stricken upon the timely motion of the Department. There is nothing in our ruling in Com., Dept. of Highways v. Shaw, Ky., 390 S.W. 2d 161, which militates against the rule followed in Mann and other decisions discussed in the Shaw and Mann opinions. The evidence of the witness Simpson was not susceptible to the revision discussed in the Shaw case or in Com., Dept. of Highways v. Mayes, Ky., 388 S.W.2d 125. It is our view that the trial court correctly struck the evidence of the witness Simpson. It is of some significance to note that the witness Simpson testified to the lowest difference between before and after values insofar as evidence offered by the appellants is concerned.

■ During the course of the trial, the witnesses made reference to sale of property called the "Vaught property" as a comparable sale for purposes of the trial. Four photographs of portions of the Vaught tract were introduced by the Department. Objection to the admission of these pictures was made by the appellants on the basis that a change in grade and improvements of the Vaught tract had occurred after the compared sale and before the photographs were taken. The existence of these changes was made abundantly clear to the jury, and the trial judge specifically admonished the jury not to regard the improvements on the Vaught land. We are unable to perceive

any error respecting the admission of these pictures. There are many cases approving the admission of photographs, including Com., Dept. of Highways v. Williams, Ky., 317 S.W.2d 482; Com., Dept. of Highways v. Arnett, Ky., 390 S.W.2d 187. We think the rationale of Stewart v. Com. for Use and Benefit of Dept. of Highways, Ky., 337 S.W.2d 880, rules this case on the point under discussion. In Stewart it was recognized that a degree of dissimilarity between allegedly comparable sales and the land in question must be expected. There we said:

> "Therefore, where the properties are reasonably similar, and a qualified expert states his opinion that they are sufficiently comparable for appraisal purposes, it is better to leave the dissimilarities to examination and cross-examination than to exclude the testimony altogether." Id. 337 S.W.2d at 884.

In our view the jury was fully informed so as to enable it to sift out any dissimilarities reflected in the photographs of the Vaught property insofar as changes had occurred after the sale of the Vaught property.

■ Witness Wesley testified for the appellants and ascribed significantly high value to the appellants' land by reason of its frontage along existing U. S. Highway 27. Upon cross-examination the trial court permitted counsel for the Department to bring out that witness Wesley had testified concerning a nearby tract of land located on the same highway on an earlier occasion. The brunt of the testimony of the witness in the earlier trial was to the effect that no enhancement resulted because of the property's location on the very same highway. It is true that the appraisal in the earlier case had been made as of 1958, but the testimony of the witness had been given in 1961. CR 43.07 furnishes appropriate basis for the cross-examination in this case. The Department was entitled to show that the witness had previously opined that location on U. S. 27 did not enhance property situated comparably to the property of the appellants in face of his testimony in the present case to the contrary. The fact that the evidence on the present trial was given at a later date is of no significance here. The witness was entitled to explain or otherwise elaborate on any conditions which had caused him to adjust or modify his thinking, but the Department was entitled to have the jury know of the witness' earlier point of view as affecting the probative value of his testimony.

■ The appellants contend that the verdict is inadequate within the purview of CR 59.01(4) in that it appears to have been given under the influence of passion or prejudice or in disregard of the evidence or instructions. Countering this contention, the Department points out that the verdict is within the range of the evidence and that appellants had listed for taxation the entire tract, along with an additional sixty acres not affected by this proceeding, for the sum of $3,480. There was a showing that the average assessment of land in Pulaski County at that time was 24.3% of its fair market value. By projection of that ratio, the entire eighty-five acres was valued at $13,920 for tax purposes. There was no showing as to what portion of the evaluation was attributable to the twenty-five acres in the tract under consideration. Since the sixty acres also fronted on U. S. Highway 27, it is reasonable to assume that a substantial portion of the tax value was assignable to the sixty acres. Moreover, numerous comparable sales were shown in evidence by the Department, and they support the verdict of the jury. No untoward incident occurred at the trial which was calculated to inflame the jury in favor of the Department against the local landowners. We are unable to find any basis for concluding that the verdict is inadequate.

The judgment is affirmed.

All concur.