**Ed C. PAYNE, Appellant,**

v.

**Thomas HALL, Appellee.**

Court of Appeals of Kentucky.

Jan. 26, 1968.

J. W. Jordan, Barbourville, for appellant.

H. M. Tye, Barbourville, for appellee.

STEINFELD, Judge.

Sometime between 8:30 p.m. and 9:00 p. m. on May 10, 1964, appellant, Ed C. Payne, was walking along his left side of Kentucky Highway No. 225. He was leading a cow. He claims that he had a rope wrapped around his arm with the other end tied to the neck of the cow. A small boy was following closely behind the cow. Payne saw headlights of an automobile approaching in the direction in which he was walking and headlights of another vehicle approaching from the opposite direction. Realizing that he was in danger because the two vehicles would pass near the point where he was walking, he shouted to the boy "look out" and he and the boy jumped across the shoulder of the road to a place about nine feet and possibly fifteen feet from the pavement. The cow remained on the shoulder between Payne and the paved portion of the road. The vehicle approaching Payne from the rear was traveling at a speed estimated at between 70 to 80 miles per hour. The Hall automobile which was approaching from the front of Payne was going about 40 miles per hour.

Appellee, Hall, who was the only defendant below, testified that the car approaching him rounded a curve and was over on its left side which forced the Hall car onto the shoulder. He also claims he was blinded by the headlights of the fast moving vehicle which did not stop and neither it nor the driver have been identified. The Hall car struck the cow, killed it and traveled approximately 20 feet after the collision.

Payne claims that the rope around his arm and which was tied on to the cow's neck jerked and threw him backwards injuring him severely and that the injuries made necessary an operation and surgical treatment. Hall claims that Payne was not injured.

After hearing the evidence the jury returned a verdict as follows:

"We the jury as a whole find for the defendant, William Thomas Hall, not guilty of negligence. We further recommend that William Thomas Hall be required to pay $150.00 for the loss of the cow."

No motion for a new trial was made whereupon the court "ordered and adjudged that the complaint herein against the defendant be dismissed, held for naught; that plaintiff take nothing thereby. The plaintiff shall recover his costs herein expended and this cause is now stricken from this court's docket." Payne has appealed.

■ Hall says the award of court costs to Payne was error. Since he did not cross-appeal and made no motion in the lower court to correct the judgment, he cannot complain. CR 59.06. Com., Dept. of Highways v. Williams, Ky., 317 S.W.2d 482 (1958); East Ky. Rural Elec. Co-op. v. Price, Ky., 398 S.W.2d 705 (1966).

Payne contends that the verdict found the defendant not guilty of any negligence but allowed him to recover $150.00 for the death of the cow; also that the judgment did not follow the verdict because it dismissed his complaint but allowed him costs.

He charges that the verdict is void because it is inconsistent with the law, and that the judgment is erroneous in that it did not follow the verdict. He relies upon Smith v. Webber, Ky., 282 S.W.2d 346 (1955); Wall v. Van Meter, 311 Ky. 198, 223 S.W.2d 734, 20 A.L.R.2d 272 (1949); Civil Rule 59.01 through Civil Rule 59.06.

The Webber case stands for the proposition that "Where a verdict is materially inconsistent or incongruous it should, as a rule, be set aside and a new trial granted. This is upon the idea that the verdict is contrary to the evidence and the law for which a new trial is authorized by CR 59.01(6), which is like Sec. 340(6) of the Civil Code of Practice". We held there that "The trial court should have set aside the verdict and ordered a new trial". The Van Meter case holds that the jury has the duty of being governed by the instructions whether they are right or wrong and that "a verdict contrary to the instructions is contrary to law". Both of these cases contemplate that the trial court be given the opportunity to correct the error made by the jury or to grant a new trial.

Hall argues that Payne waived his right to complain because he did not object to the verdict when the jury returned it and he did not file or make a motion for a new trial so that the lower court would have an opportunity to correct the alleged error. Hall relies on Civil Rule 59.01 which provides in part "a new trial may be granted to all or any of the parties and on all or part of the issues for any of the following causes:

(1) Irregularity in the proceedings of the court, jury or prevailing party, or an order of the court, or abuse of discretion, by which the party was prevented from having a fair trial.

(2) Misconduct of the jury, of the prevailing party, or of his attorney.

&ast; &ast; &ast; &ast; &ast; &ast;

(8) Errors of law occurring at the trial and objected to by the party under the provisions of these rules."

He also cites Civil Rule 59.06 which provides "Allegations of error, otherwise properly preserved, in respect to rulings, orders or instructions of the court need not be presented in a motion for a new trial in order to be preserved for appellate review." He says that this court in the interpretation of these two Civil Rules as applied to cases similar to the present case has held "the function of the Court of Appeals is to review possible errors made by the trial court, and if such court had no opportunity to rule on the question, there is no alleged error before the Court of Appeals to review." He cites Hutchings v. Louisville Trust Co., Ky., 276 S.W.2d 461 (1954); Collins v. Sparks, Ky., 310 S.W.2d 45 (1958); Com., Dept. of Highways v. Williams, et al., Ky., 317 S.W.2d 482 (1958); East Kentucky Rural Electric Co-op. v. Price, supra; and 7 Kentucky Practice, Clay, page 214.

■ The trial court was given no opportunity to pass on these contentions, which is a prerequisite here to appellate review. Com., Dept. of Highways v. Taylor County Bank, Ky., 394 S.W.2d 581 (1965). In 7 Kentucky Practice, Clay 215 it is said, "Clearly before a party may request appellate review of such matters under those circumstances, the trial court must be given an opportunity to decide the questions raised." See Com., Dept. of Highways v. Williams, supra; Adams v. Commonwealth, 285 Ky. 38, 146 S.W.2d 7 (1941); Scobee v. Donahue, 291 Ky. 374, 164 S.W.2d 947 (1942); Little v. Whitehouse, Ky., 384 S.W.2d 503 (1964).

■ The next contention is that the instructions were erroneous in that "the court gave a sudden emergency instruction which was to the prejudice of the appellant's legal rights and thereby confused the jury when by law appellee was not entitled to such an instruction." Whether the instruction should or should not have been given is a matter we cannot consider. CR 51. When the instruction was offered counsel for Payne objected "to the giving

of Instruction C because it is undertaking to deal with the duties of the parties to the transaction which have been set out in Instruction A, and this instruction would only tend to confuse the jury, if it is not inconsistent with Instruction A, which is to be given by the Court."

In Young v. DeBord, Ky., 351 S.W.2d 502 (1961) we said:

"Appellants in the trial court protested the submission of the instructions on a general ground. On this appeal they have changed their approach and now undertake to pinpoint certain alleged errors. Obviously, CR 51 condemns such a practice and, in consequence, we must hold they cannot now be heard on these matters. See the recent case of Chaney v. Slone, Ky., 345 S.W.2d 484, where the principle we have discussed was considered and resolved in conformity with the end result we have reached."

That rule is applicable here. Also see Cox v. Hardy, Ky., 371 S.W.2d 945 (1963).

The judgment is affirmed.

All concur.