**COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,**

**v.**

**Janie C. LAWTON and J. Bryant Lawton,
husband, et al., Appellees.**

Court of Appeals of Kentucky.

April 25, 1969.

Robert F. Matthews, Atty. Gen., H. C. Smith, Asst. Atty. Gen., C. E. Skidmore, Dept. of Highways, Frankfort, for appellant.

Sam T. Jarvis, Jarvis, Cornette & Payton, Greenville, for appellees.

CULLEN, Commissioner.

The Commonwealth of Kentucky, Department of Highways, appeals from a judgment awarding the appellees, Janie C. Lawton and husband, $30,090 as damages for the taking by condemnation of 20 acres from the appellees' 118-acre farm. The main contention of the appellant is that the trial court committed prejudicial error in overruling motions to strike the testimony of various witnesses for the appellees because they improperly reached their "after" values by subtracting damage itemizations from their "before" values.

On a previous trial the landowners had been awarded $37,541. On an appeal to this court from the judgment on that trial the judgment was reversed because of errors in the admission of evidence and because the competent evidence lacked sufficient probative value to support the verdict. Commonwealth, Department of Highways v. Lawton, Ky., 386 S.W.2d 466. The opinion of this court on that appeal directed that on another trial "the parties will follow the principles set forth in Commonwealth, [Dept. of Highways] v. Sherrod, Ky., 367 S.W.2d 844."

The sad truth is that the appellees, on the second trial, did *not* follow the principles set forth in *Sherrod*. The three non-owner appraisal witnesses for the appellees each reached his "after" value by deduct-

ing, from his "before" value, a sum representing the damages for the land taken and another sum representing damages to the remainder. When it was brought out on cross-examination that the witnesses had used this approach the appellant moved to strike their testimony. The failure of the trial court to sustain those motions is the main ground of error asserted.

The method of valuation employed by the three witnesses was in flagrant violation of the principles set forth in Sherrod, and repeated and reemphasized in Com., Dept. of Highways v. Swift, Ky., 375 S.W.2d 691; Com., Dept. of Highways v. Cardinal Hill Nursery, Ky., 380 S.W.2d 249; Com., Dept. of Highways v. Mann, Ky., 387 S.W.2d 848; Com., Dept. of Highways v. Taylor, Ky., 400 S.W.2d 688; Decker v. Com., Dept. of Highways, Ky., 421 S.W.2d 369; and Snyder v. Com., Dept. of Highways, Ky., 423 S.W.2d 890. The witnesses ascribed a per-acre value to the land taken, and then, in the broadest of generalities, fixed "remainder" damages, using such statements as "they damaged it that much," "the damages to the extent it was practically unusable," "then he has some damage to what was not taken," and "deducting the loss of the land and value * * * and then the depreciation because of lack of bordering on the new road * * *."

The reasons why condemnation awards are not to be based on a separate determination of "taking" damages and "resulting" damages, but rather on a simple determination of the difference between "before" value and "after" value, are set forth fully in Sherrod. Those reasons apply to the testimony the same as to the verdict. The jury shall not make a separate determination of "taking" damages and "resulting" damages, and the witnesses likewise shall not base their estimates on such determinations.

The simple point that this court has been trying to make clear is that "after" value is to be determined by the value features that the property *has* after the condemnation, not by the value features it *does not have*; the value is to be placed on what is *there*, rather than what is *not* there; the question is the value of what is *left*, not what was *taken away*. We are striving for a *positive* valuation instead of a *negative* one.

Since the use of the "taking and resulting damages" approach is calculated to fatten damage estimates, and since the three witnesses in this case who used that approach were the ones most likely to have been awarded full credibility by the jury, the testimony must be considered to have been prejudicial.

We find nothing particularly wrong with the testimony of the two landowners. They simply used per-acre value for both "before" and "after" estimates.

The judgment is reversed with directions for further proceedings in conformity with this opinion.

All concur.