**COMMONWEALTH of Kentucky, DEPART-MENT OF HIGHWAYS, Appellant,**

**v.**

**Frances Crafton RAMSEY et al., Appellees.**

Court of Appeals of Kentucky.

March 26, 1965.

Robert F. Matthews, Atty. Gen., Wm. A. Lamkin, Jr., Asst. Atty. Gen., Frankfort, Dandridge F. Walton, Madisonville, Reed D. Anderson, Madisonville, for appellant.

Charles B. West, Walker & West, Henderson, for appellees.

HILL, Judge.

This is the second appeal of this case. The first appeal was from a $6,569.00 judgment reversed March 8, 1963, for duplication of damages, by unreported opinion.

The second trial resulted in a verdict for $4,650.00 for land taken and $200.00 for temporary easement. Only the Commonwealth appeals from the second judgment.

Two grounds are urged for reversal. They are:

I. The portion of appellees' farm which fronted on highway 41 is not adapt-

able to residential or commercial purposes and there is no demand for residential or commercial property within the area.

II. $200.00 as the fair rental value of the .11 acre taken as temporary easements, which property is to be used for a period of 100–150 days, is grossly excessive.

To get a picture of the situation we should point out that appellees' farm consists of 154 acres before the taking. No improvements are taken. The tract sought for the widening of Highway 41 south of Henderson contains 1.77 acres. A temporary easement is sought on .11 of an acre. The land taken is from that part of the farm fronting on Highway 41, a distance of 1103 feet. The depth of the tract taken is 51 feet for 380 feet, 81 feet for a distance of 450 feet and varies from 51 to 81 feet for the remaining 273 feet. Before the taking there was a strip of land joining the highway, ranging in width from 120 to 150 feet, slightly rolling, and from one-half to eight feet below the surface of the highway. Back of this strip the grade breaks sharply to 25 feet or more. The land is seven or eight miles south of Henderson.

Now, to the contention of appellant that the land taken is not adaptable for residential or commercial purposes and there is no demand therefor. This is a material issue of fact in this case. Appellee is entitled to compensation based on the highest and best use of her property. Appellant's witness, Howard Rogers, testified there was "some demand" for residential purposes and that he gave it some consideration although he stated there was no "great" demand therefor. He also stated that it could possibly be put to that use but not without a large amount of filling.

The witness, Crafton, brother of appellee, stated he thought the location of the land and its topography put it in the classification of commercial and residential property. He stated that it would not require more than normal leveling to make it suitable for such purpose.

Appellees' other witness, Herron, testified positively that on October 26, 1959, there was a demand in the locality of appellees' property for commercial and residential sites, and that other properties in the immediate vicinity were being used for those purposes. He gave examples of filling station, truck stops, restaurants and other business establishments. He also stated that a part of the land taken was adaptable for commercial or residential uses. He said that about four lots were suitable.

The highest and best use of the land in question, being in sharp dispute, a jury question was presented. Appellees' witnesses considered the element of adaptability for commercial and residential use in arriving at before value. The jury had a right to and apparently gave more credit to this evidence in arriving at a verdict. We conclude the evidence was competent and sufficient to support the verdict of the jury.

In Bowling Green-Warren County Airport Board, et al. v. Long, et al., Ky., 364 S.W.2d 167 (1962) this court said:

"Since there was testimony that appellees' land in its entirety was adaptable for subdivision purposes and there was a reasonable expectation that in the near future it could have been divided into lots, appellees were entitled to have the probative value of this evidence considered by the jury."

Appellant's next and final ground for reversal complains of the award by the jury of $200.00 for the use of temporary easement. It is said this is excessive. This small amount is not sufficient to warrant discussion, much less a reversal on that ground alone.

The judgment is affirmed.