COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,

v.

L. X. BROWN et al., Appellees.

Court of Appeals of Kentucky.

June 2, 1967.

Robert F. Matthews, Atty. Gen., H. C. Smith, Special Asst. Atty. Gen., Dept. of

Highways, Frankfort, Eugene H. Clark, Paul L. Madden, Dept. of Highways, Manchester, for appellant.

Walter B. Early, Joe S. Feather, G. G. Teague, Jr., Williamsburg, for appellees.

CLAY, Commissioner.

In this highway condemnation case which involves two tracts of land the Commonwealth appeals on the ground that the jury's awards of damages are palpably excessive and not sufficiently supported by evidence of probative value.

The property is located in Williamsburg. The larger tract of 5½ acres fronts on the south side of Twelfth Street. On this property is a handsome residence and another substantial dwelling house. In addition there are a garage and other outbuildings, and many fine trees and shrubs. There is no doubt that before the taking this was a fine, secluded residential estate and there is little dispute that it had a market value in the neighborhood of $50,000.

The Commonwealth took about half an acre consisting of a 10-foot strip along Twelfth Street in front of the residence and a wedge-shaped strip on the east side, 370 feet along the south side of Twelfth Street and tapering to 20 feet at the rear of the property. Little damage is attributed to the loss of the 10-foot strip in front of the residence but the landowners claim the wedge taken on the east side, which will bring a new road much closer to the improvements, substantially impaired the value of the remaining property. The landowners' expert witnesses testified the difference in value was $14,000 to $16,000, and the jury awarded $14,000.

The Commonwealth's argument is in substance that it is not reasonable, rational or logical that the taking of about 10 percent of the property, leaving the major improvements, would reduce the value of the remainder 30 percent. It is pointed out that the residence was only 50 feet from Twelfth

Street and it will be farther than that from the new road on the east. However, it is clear that the new road will effectively box in the improvements in the eastern corner of the tract.

■ The witnesses for the landowners were qualified and competent. In their opinion the proximity of the new road very materially impaired the value of this fine estate. The circumstances are unusual and we cannot substitute our judgment of values for theirs. This was a very liberal award but it does not strike us as palpably excessive or unsupported by evidence of probative value.

■ The other tract involved is a vacant residential lot fronting on the north side of Twelfth Street 100 feet, with a depth of 200 feet. It is admitted the taking of about half of this lot practically destroyed its value. The issue was its reasonable market value before the taking. The Commonwealth's witnesses fixed this at $1,500, whereas one of the landowners' expert witnesses fixed it at $6,500. The jury awarded $5,500.

■ The Commonwealth contends that the comparable sale used by one of the landowners' witnesses was not shown to be comparable, but the witness' testimony indicates that in his opinion the other $6,000 sale properly could be so considered. The Commonwealth's witnesses referred to other comparable sales at a much lower figure, but it was for the jury to determine the credibility of the witnesses' valuations. This may be a high price for a small lot, but here again we are not in a position to substitute our judgment for that of the qualified appraisers and the jury.

The judgment is affirmed.

WILLIAMS, C. J., and STEINFELD, MILLIKEN, OSBORNE, PALMORE, and HILL, JJ., concur.