**COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,**

v.

**Maude ROLLYSON et al., Appellees.**

Court of Appeals of Kentucky.

June 2, 1967.

Robert Matthews, Atty. Gen., H. C. Smith, Special Asst. Atty. Gen., Dept. of Highways, Frankfort, Eugene H. Clark, Manchester, for appellant.

Grant F. Knuckles, Lay & Knuckles, Pineville, for appellees.

CLAY, Commissioner.

This is a highway condemnation proceeding appealed by the Commonwealth on the grounds that the verdict was palpably excessive and insufficiently supported by evidence of probative value.

Appellees owned a 15-acre tract on U.S. 25E in Knox County, between Barbourville and Pineville. On the land fronting this highway were a substantial brick house, a tourist court and a service station. Behind these buildings was some tillable land,

and behind that was a hillside partially cleared. The land condemned was a strip about 800 feet in length and 230 feet in width behind the principal buildings. Within this strip were a frame stock barn, a corncrib and a hog house, which of course were taken.

The new road, to which appellees have access, divides the property, leaving approximately two acres fronting on old 25E and about eight acres fronting on the new highway. Approaches to the new highway from the remaining two tracts are to be provided, although there are cuts and fills.

The jury found the before value of the lot to be $26,000 and the after value $17,250, the difference being $8,750, which was the amount awarded in the judgment appealed from. Appellees' three witnesses had fixed the difference in values in the range of $17,500 to $20,000.

The Commonwealth contends the landowners' witnesses used improper factors, one of which was the possibility of building sites, both commercial and residential. It is said there was no evidence of *demand* for such lots or that the landowners *planned* such development. The cases of Commonwealth, Dept. of Highways v. Vincent, Ky., 357 S.W.2d 678; and Commonwealth, Dept. of Highways v. Gearhart, Ky., 383 S.W.2d 922, are cited. In our more recent case of Commonwealth, Dept. of Highways v. Siler, Ky., 411 S.W.2d 937, we pointed out that the potential for commercial or residential development may be significant even though the landowner had never thought of subdividing his property. Therein we said:

"If property is adaptable to a particular use or development different from its existing use, and the prospect that it *will be or could be* so used or developed is sufficiently imminent to affect its present market value, that prospect not only is a proper but necessary factor in determining such value."

We must say that in this case the possibility of commerical or residential use as it affected market value was not well developed by the witnesses. Yet the Commonwealth failed at the trial to properly raise for a court ruling the question of the significance or insignificance of this factor, or the competency or relevancy of the testimony pertaining thereto. However that may be, for the reason hereafter noted, we do not think the reference to this factor, even if an improper one, was prejudicial. We may say the references to other factors about which the Commonwealth complains, such as the proximity of the new highway to the buildings and the impairment in the agricultural potential of the original tract, were relevant.

We are inclined to agree with the Commonwealth's contention that the estimates of the landowners' witnesses regarding the difference in before and after values appear palpably excessive. They testified the taking of approximately one-third of the land, leaving all major improvements, reduced the value of the remainder 60 percent. However, an unusual feature of this case is that the jury must have considered such extreme opinions incredible. Whereas the landowners' three witnesses had fixed the difference in value from $17,500 to $20,000, the jury found the difference to be $8,750. The members of the jury had viewed the premises and they very materially discounted the testimony of the landowners' witnesses.

In view of the fact that under all the evidence the taking substantially damaged appellees' property, that the testimony of appellees' witnesses did have some probative value, and that the jury appears to have exercised reasonable judgment, we do not find the verdict palpably excessive.

The judgment is affirmed.

All concur.