**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

v.

**Josie OLIVER et al., Appellees.**

Court of Appeals of Kentucky.

June 2, 1967.

Robert Matthews, Atty. Gen., H. C. Smith, Sp. Asst. Atty. Gen., Dept. of Highways, Frankfort, Carl T. Miller, Jr., Jackson, for appellant.

Ralph N. Walter, Nickell & Walter, West Liberty, E. E. Bach, Campton, for appellees.

CLAY, Commissioner.

In this condemnation case the Commonwealth acquired approximately 11 acres for the construction of the Mountain Parkway through appellees' 115-acre farm in Wolfe County. We set aside an award on a former appeal on the ground that the testimony of the landowners' witnesses did not have sufficient probative value to support it. Commonwealth, Dept. of Highways v. Oliver, Ky., 385 S.W.2d 173. The present award was $11,000.

On the new trial the landowners used another expert witness who had not before testified. His qualifications were not questioned and his testimony indicates a thorough understanding of property values in Wolfe County. The Commonwealth contends the verdict is excessive because this witness' testimony lacked probative value. He was of the opinion the farm originally

had a market value of $23,000 and that the 11 acres taken reduced its value one-half. This was principally on the ground that the property condemned included a substantial portion of the tillable land and severed such land as remained. The Commonwealth argues that the before and after values given by this witness were patently extravagant and not justified by his reference to comparable sales.

As we have before mentioned, this witness was well qualified. He testified that he made reasonable adjustments in comparing sales of smaller tracts of land. His opinions were supported by the factors he took into consideration. We cannot say they lacked probative value. The jury viewed the premises. It was within their province to pass upon the credibility of the estimates given by the landowners' expert. While the award was liberal, we find no legal basis upon which it properly could be set aside.

The judgment is affirmed.

WILLIAMS, C. J., and STEINFELD, MILLIKEN, OSBORNE and PALMORE, JJ., concur.

MONTGOMERY, J., dissents.