**Barney BENNETT, Appellant,**

v.

**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellee.**

Court of Appeals of Kentucky.

June 30, 1967.

J. Howard Holbert, Elizabethtown, for appellant.

Robert Matthews, Atty. Gen., H. C. Smith, Frankfort, Dept. of Highways, Harold K. Huddleston, Tildon McMasters, Elizabethtown, for appellee.

PALMORE, Judge.

Barney Bennett appeals from a judgment awarding him $37,250 for a portion of his property taken by the Highway Department. We reverse upon the ground of error in excluding evidence of comparable sales.

The appellant's property consisted of 28 acres on U. S. Highway 31W in Hardin County. He had on it a 4-bedroom brick veneer residence, nine tourist cabins, a brick apartment building, and other buildings and improvements. Slightly over two acres were taken, and it was necessary to destroy the residence and one of the cabins. In support of their valuation figures Bennett and his witness Hays attempted to show the prices at which two other motel properties in Hardin County had sold, and to compare them with the Bennett property. Bennett had qualified sufficiently to testify as an expert, though not a professional, and Hays was a licensed real estate dealer. Each of them expressed in substance the opinion that the property about which he proposed to testify was sufficiently similar to the Bennett property to provide, with appropriate adjustment and allowance for the differences, a basis for comparison.

The property concerning which Bennett proposed to testify (and did testify by way of avowal), the Southern Trails Motel, was a 17-unit motel with 2-room living quarters on four acres of land located adjacent to U. S. 31W on the other side of Elizabethtown. It sold for $165,000, whereas Bennett's estimate of the value of his own property before the taking was $147,797. He had not inspected the interior of the Southern Trails Motel and did not know whether it had been sold as a "going concern." He figured furnishings at $1,000 per unit.

The rejected testimony offered by Mr. Hays concerned both the Southern Trails Motel and the Shady Grove Motel, the latter having included a 15-unit motel, 7-room frame residence, and a restaurant on 11 acres of land also fronting on U. S. 31W south of Elizabethtown. Shady Grove sold for $75,000, as against a $121,243 valuation placed by Mr. Hays on the Bennett property. The sale included the motel furnishings and restaurant equipment.

It was said in Stewart v. Commonwealth for Use and Benefit of Dept. of Highways, Ky., 337 S.W.2d 880, 884 (1960), and has been reiterated in a number of later opinions, that if properties are reasonably similar "and a qualified expert states his opinion that they are suf-

ficiently comparable for appraisal purposes, it is better to leave the dissimilarities to examination and cross-examination than to exclude the testimony altogether." Appellee seizes on the term "qualified expert" as meaning "an expert appraiser," to the exclusion of Mr. Bennett. The argument is that Mr. Bennett was qualified to give his opinion of the value of his own property but not to compare it with other property. We do not agree with that viewpoint. The term "qualified expert" as it has been used by us in this context means one who is qualified to give an opinion. Since Commonwealth, Dept. of Highways v. Fister, Ky., 373 S.W.2d 720 (1963), the owner of property must qualify the same as any other expert witness. Once he does, there is no reason why he cannot cite sales of comparable property located within the range of his expert knowledge.

A more serious question is presented by the contention that not only did the Southern Trails and Shady Grove properties have substantial physical dissimilarities from the Bennett property, but also the sales included more than real estate alone. Nevertheless, we have consistently expressed the attitude that within the bounds of reason the expert witness must be allowed great latitude in determining the matter of comparability, that dissimilarities go more to the weight than to the competence of such testimony. Cf. Commonwealth, Dept. of Highways v. Oakland United Baptist Church, Ky., 372 S.W.2d 412 (1963). If the rule were otherwise, the Commonwealth's own witnesses in this very case could not have cited a comparable sale, since not a single one used by them involved motel property.

Both Mr. Bennett and Mr. Hays attempted to account and allow for the differences between the properties under comparison. Whether the price at which a particular motel or tourist court sold included good will or other assets for which the witness has not made or cannot make due allowance is nothing more than an element of dissimilarity to be weighed by the jury. In the final analysis, it is far better for the jurors than it is for either the trial court or this court to make the ultimate determination. We are of the opinion that the testimony in question should have been admitted and that it was prejudicial error to exclude it.

The judgment is reversed and the cause remanded with directions for a new trial.

All concur.