COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,

v.

Charles C. BLINCOE et al., Appellees.

Court of Appeals of Kentucky.

Sept. 22, 1967.

Robert F. Matthews, Atty. Gen., H. C. Smith, Sp. Asst. Atty. Gen., Dept. of Highways, Louis J. Amato, Catlett & Amato, Frankfort, for appellant.

W. R. Gentry, Jr., Bardstown, for appellees.

STEINFELD, Judge.

The Commonwealth of Kentucky, through its Department of Highways, instituted condemnation proceedings to acquire a part of the land owned by Charles C. Blincoe and his wife. It was needed for the construction of the Blue Grass Parkway, (Central Kentucky Turnpike). From an award of $18,050.00 the Commonwealth appeals. We affirm.

The Blincoes owned a 484-acre farm on the Bardstown-Springfield Road in Nelson County, approximately 1½ miles from Bardstown. The improvements consisted of a modern nine room brick house, two tenant houses, five stock barns, corn cribs, tool sheds, garages and various other outbuildings. It had a 4.25-acre tobacco base, a 46-acre wheat base and a 100-acre corn base. When the taking occurred 368 acres were in crop land.

The Commonwealth took 18.69 acres in fee simple for the Parkway and a permanent easement on .03-acre for a drainage ditch. Approximately 7 acres along the highway were included in the area taken. Before the taking the owners had frontage on the highway of 1,320 feet, but afterwards there remained only 670 feet along the road. The Parkway is a limited-access thoroughfare with each side permanently fenced.

Two constantly flowing springs which supplied water for cattle were taken but no structures were located on the area acquired. 6.98-acres of the remainder were landlocked. The taking required the rearranging of 200 rods of fencing.

The jury found that the value of the farm before the taking was $150,000, that the "after value" was $132,000. and that the easement was worth $50.00. The Commonwealth claims that the three witnesses for the owners based their estimates of value on irrelevant factors and "on incomplete evidence of comparable sales, and incompetent evidence relating to a demand for rural homesites in the area," therefore, on proper motion their testimony should have been stricken. It also contends that the verdict is excessive.

One witness for the condemnor said the farm was worth $145,200. before a part was taken, and $136,500. thereafter. The other stated that the former value was $181,500. and the latter was $172,500. The witnesses for the condemnees testified to values as follows:

| "WITNESS | BEFORE VALUE | AFTER VALUE |
| --- | --- | --- |
| Cam Blincoe | $160,000 | $134,000 |
| Louis Riser | $155,000 | $132,000 |
| Joe Pat Downs | $145,000 | $120,000" |

The before value reported in the verdict of the jury was below the amount fixed by one of the witnesses for the Commonwealth and the after value not substantially above the amount fixed by another of its witnesses. The values the jury fixed were within the range of the evidence presented. Com., Dept. of Highways v. Cooper, Ky., 397 S.W.2d 47 (1965); Com., Dept. of Highways v. Reed, Ky., 414 S.W.2d 904 (1967). We find nothing to indicate that the jury acted under the influence of passion or prejudice, or in disregard of the evidence. Com., Dept. of Highways v. Shields, Ky., 411 S.W.2d 476 (1967); Com., Dept. of Highways v. Muir, Ky., 412 S.W.2d 231 (1967); Com., Dept. of Highways v. Brown, Ky., 415 S.W.2d 825 (1967). Certainly the amount does not "shock the judicial conscience as excessive", therefore, it will not be vacated on that claim. East Kentucky Rural Electric Co-op Corp., v. Smith, Ky., 310 S.W.2d 535 (1958); Com., Dept. of Highways v. Darch, Ky., 390 S.W.2d 649 (1965).

The Commonwealth relies for reversal on the refusal of the trial court to strike estimates of value made by the three witnesses for the owners. When each of these witnesses had completed testifying, the attorney for the Commonwealth moved to strike the testimony of that witness on the claim that he had based his appraisals on irrelevant factors and "on incomplete evidence of comparable sales." Even though the motions were not made in the form approved in Com., Dept. of Highways v. Shaw, Ky., 390 S.W.2d 161 (1965) and Com., Dept. of Highways v. Woolum, Ky., 415 S.W.2d 83 (1967) the court considered the motions and properly overruled each of them. Com., Dept. of Highways v. Rollyson, Ky., 415 S.W.2d 838 (1967); Com., Dept. of Highways v. Siler, Ky., 411 S.W.2d 937 (1967).

The Commonwealth contends that the witnesses should not have considered that the frontage along the Bardstown-Springfield Road was suitable for building lots, and that they should not have been permitted to consider that this part of the farm had a much greater value per acre than the remainder. The evidence showed that there was a gas line serving the area and that it was $1\frac{1}{4}$ miles from city water. Every witness told that there was a great demand for such lots. In fixing the "before taking value" of the farm as a *whole* they took into consideration the value of the road frontage. This was proper. Com., Dept. of Highways v. Caudill, Ky., 388 S.W.2d 376 (1965); Com., Dept. of Highways v. Priest, Ky., 387 S.W.2d 302 (1965); Com., Dept. of Highways v. Ramsey, Ky., 388 S.W.2d 610 (1965).

Lastly, reversal is sought on the contention that the owners' witnesses based their values on sales which were not comparables and that they did not produce evidence of any sale that was comparable. Mr. Blincoe, whose qualification to testify as to values was not challenged, and the two licensed and experienced real estate dealers he presented, told what they considered to be sales of comparable property consummated within a reasonable time. It was proper for the jury to hear and con-

sider this information. Com., Dept. of Highways v. Brown, Ky., 415 S.W.2d 825 (1967); Bennett v. Com., Dept. of Highways, Ky., 417 S.W.2d 143 (1967). They rightly used factors they considered necessary in fixing the proper value (Com., Dept. of Highways v. Oliver, Ky., 415 S.W.2d 847) and they stated what they considered to be comparables. While it was proper for them to explain the basis for the values they fixed, it was not essential that they use comparables. There is no merit in this claim of error. Com., Dept. of Highways v. Citizens Ice and Fuel Co., Ky., 365 S.W.2d 113 (1963); Com., Dept. of Highways v. Tyree, Ky., 365 S.W.2d 472 (1963); Com., Dept. of Highways v. Elizabethtown Amusements, Inc., Ky., 367 S.W.2d 449 (1963); West Ky. Coal Co. v. Commonwealth, Ky., 368 S.W.2d 738 (1963); Com., Dept. of Highways v. Slusher, Ky., 371 S.W.2d 851 (1963); Com., Dept. of Highways v. Fister, Ky., 373 S.W.2d 720 (1963); Com., Dept. of Highways v. Harvey, Ky., 396 S.W.2d 311 (1965); Com., Dept. of Highways v. Woolum, Ky., 415 S.W.2d 83 (1967).

The judgment is affirmed.

All concur.