UNITED STATES of America upon the relation and for the Use of the TENNESSEE VALLEY AUTHORITY, Plaintiff,

v.

An EASEMENT AND RIGHT–OF–WAY OVER TWO STRIPS OF LAND both 75 Feet Wide, One 515 Feet Long and the other, 1,326 Feet Long, BOTH IN CALDWELL COUNTY, KENTUCKY, and Grayson Lee Harralson, et al., Defendants.

UNITED STATES of America upon the relation and for the Use of the TENNESSEE VALLEY AUTHORITY, Plaintiff,

v.

An EASEMENT AND RIGHT–OF–WAY 74 Feet Wide and 141 Feet Long OVER CERTAIN LAND IN CALDWELL COUNTY, KENTUCKY, and Grayson Harralson, et al., Defendants.

Civ. A. Nos. 1511, 1515.

United States District Court
W. D. Kentucky,
Paducah Division.

April 19, 1968.

Thomas A. Pederson, Gen. Counsel, Knoxville, Tenn., and John C. Lovett, Benton, Ky., for plaintiff.

Johnstone & Eldred, Princeton, Ky., and Reed & Scent, Paducah, Ky., for defendants.

Before BROOKS, Chief Judge, and GORDON and SHELBOURNE, JJ.

## AWARD

PER CURIAM.

This consolidated action arises *de novo* upon exceptions of the plaintiff United States on relation of Tennessee Valley Authority and landowners in two condemnation proceedings filed under the provisions of Section 831x of Title 16, United States Code. Two contiguous tracts of land are involved. The plaintiff sought to obtain a power line easement 75 feet in width and extending a total distance of 1,982 feet.

Civil Action No. 1511 was filed November 30, 1965, and sought to condemn a

right-of-way 75 feet wide over a tract of land containing 126 acres. The right-of-way was 1,841 feet in length, with five wood pole structures to uphold the power line to be erected. The total acreage on which the perpetual easement was sought was 3.2 acres. The Tennessee Valley Authority's estimate of just compensation was $725.00, which it paid into the registry of the Court upon the filing of its complaint, and the title to the 126 acres at the time of the filing of the action admittedly was in Don C. Harralson, Grayson Lee Harralson and Howell Davis Harralson. The eastern boundary of the 126 acres tract was Kentucky Highway 139.

Civil Action No. 1515 was filed December 20, 1965, and sought to condemn a right-of-way 75 feet wide over a tract of land containing 70 acres. The right-of-way was 141 feet in length, and it was not contemplated that any poles would be erected on the .2 of an acre on which the perpetual easement was sought. Tennessee Valley Authority's estimate of just compensation was $50.00, which it paid into the registry of the Court upon the filing of its complaint. The title to the 70 acres at the time of the filing of the action admittedly was in Grayson Harralson.

The total acreage in the easements in both actions involved a strip 75 feet wide and 1,982 feet in length, and a total of 3.4 acres.

The Commissioners awarded $2,000.00 in Civil Action No. 1511 involving the 126-acre tract, and $150.00 in Civil Action No. 1515 involving the 70-acre tract.

Harralson Enterprises, Inc., is a family corporation organized in February 1965. Grayson Harralson, the father, became the owner of 441 shares of the capital stock of the corporation in exchange for his conveyance to the corporation of the 70-acre tract and his interest in some other real estate not involved in this condemnation. One hundred thirty-one shares of the capital stock of the corporation was issued to each of the three sons in exchange for their right, title

and interest in the 126-acre tract. By an agreed order entered in these actions the corporation was made a party defendant. The order was entered May 27, 1966.

The hearing before the Commissioners was held August 2 and 3, 1967, and resulted in the awards as set out above.

■ When the hearing before the three-judge Court assembled pursuant to Section 831x, Title 16, United States Code, on the exceptions filed by both the plaintiff and the defendant landowners, neither plaintiff nor defendants desired to introduce any additional testimony and the case was submitted to the Court on the transcript of testimony heard by the Commissioners and filed in the consolidated actions. The government still insists, as it has throughout the cases, that there was not sufficient unity of use of the two tracts (the 126-acre tract and the 70-acre tract) to authorize that they be treated as one unit for the purpose of assessing damages. The Commissioners determined that there was sufficient unity of use to authorize the treatment of the properties as one for the purpose of assessing damages. We do not regard this contention as vital or essential to the hearing before this Court. There is ample evidence in the case to uphold the Commissioners' finding that at the time condemnation proceedings were instituted, in November and December 1965, the owners of the legal title regarded the two tracts as one unit.

■ The burden of proof on the issue of just compensation is on the landowners. United States and for Use of Tennessee Valley v. Powelson, 319 U.S. 266, 63 S.Ct. 1047, 87 L.Ed. 1390; Welch v. Tennessee Valley Authority, C.A. 6, 108 F.2d 95, cert. den. 309 U.S. 688, 60 S.Ct. 889, 84 L.Ed. 1030. There was introduced by the property owners one witness on value, E. A. Cave, Jr. Mr. Cave valued the two tracts containing 196 acres at $308,000.00, or $1,570.00 per acre and valued the remainder of the land after the 3.4 acres were burdened by the easement at $295,500.00, and testified that the remainder of $12,500.00 repre-

sented the damage including the value of the easement taken at $12,500.00. When asked how he arrived at this figure, he stated that he took the value of the land taken, plus the adverse effect the taking would have on some land around that taken, the six-acre tract lying between Eddy Creek and the right-of-way on the 126-acre tract. He was then asked if he tried to break down his estimate in any way, and his reply was that he was not going to price tag it. He was not prepared, so he said, to evaluate the 3.4 acres embraced within the easement area, and finally said he was not prepared to break down his estimate in any way.

The plaintiff introduced Andrew M. Madron, a Tennessee Valley Authority appraiser; Hoyt Roberts, a realtor from Murray, Kentucky; Noble Curling of Cadiz, Kentucky; and Claude Miller, an experienced real estate broker at Murray, Kentucky, all of whom were familiar with sales of property in and near the property involved in this condemnation, and all of the expert witnesses referred to a sale from George Pettit to Charles Watson on March 14, 1965, involving 106 acres conveyed for $36,000.00; a sale from Ralph Randolph to Princeton Golf and Country Club, 32 acres, on October 23, 1962, for $16,000.00; a sale from Cora McGough to Grayson Harralson on September 13, 1965, 4½ acres for $9,000.00. (This property adjoined the 70-acre tract owned by Grayson Lee Harralson.) Reference was made to subdivisions in the general vicinity of the property in question, including Echo Hills on Highway 139 consisting of twenty lots and without water, sewer or gas; and also Green Hills Subdivision containing 32 lots, located about one-fourth mile nearer Princeton than the property in question, and on which 32 lots a total of five houses have been built; also the Cantrell Subdivision. Of all of these properties the witnesses showed some knowledge.

The subject property was viewed by each of the three undersigned judges separately. The property owners testified in detail as to the extent of any buildings on the portion of the land be-

ing developed as a subdivision, which consisted of about thirty acres. The highest and best use of the remainder of the land was and is for agricultural purposes.

Some mention is made of the failure of the expert witnesses, except Mr. Cave, to place a value on the two tracts considered as a whole before and after the taking of the easements. It will be observed, however, that all the witnesses except Mr. Cave were of the opinion that the value of the property taken in the easement constituted the entire amount to which the property owners were entitled, these witnesses stating that in their opinion no damage resulted to the remainder of the tracts.

We believe that the proof that the property, particularly that abutting on former U. S. Highway 62, is suitable for subdivision purposes was properly to be considered and was considered by the witnesses and by the Commissioners. Commonwealth Department of Highways v. Siler, Ky., 411 S.W.2d 937; Commonwealth Department of Highways v. Rollyson, Ky., 415 S.W.2d 838; and Commonwealth Department of Highways v. Hester, Ky., 421 S.W.2d 840.

Where only an easement is taken the full fee value of the land within the easement is not a proper measure of damages, since the rights remaining in the landowners are very substantial. United States v. Cress, 243 U.S. 316, 37 S.Ct. 380, 61 L.Ed. 746; United States ex rel. T. V. A. v. Easement and Right of Way, etc., 123 F.Supp. 886, Ga.

The expert witnesses as to value testifying for Tennessee Valley Authority valued the land at from $340.00 an acre and allowed as damages from fifty to sixty percent of the value of the total acreage taken. They were unanimous in their judgment that no incidental damage to land of either tract outside the boundary of the easement as such was allowable. They estimated the proper amount to be awarded to the property owners at from $700.00, the lowest, to $775.00, the highest. The Commissioners

have allowed $2,150.00. With their judgment we are in agreement and, the hearing before this Court on the exceptions being a *de novo* hearing, we hereby award as the total amount representing the value of the easement taken at $2,150.00, and we agree with the Commissioners' award of $2,000.00 in Civil Action No. 1511 and $150.00 in Civil Action No. 1515, and so award, but in the aggregate for the easements on the two tracts the amount above referred to as $2,150.00.