COMMONWEALTH of Kentucky, DEPART-
MENT OF HIGHWAYS, Appellant,

v.

J. W. BRENT et al., Appellees.

Court of Appeals of Kentucky.

Jan. 31, 1969.

John B. Breckinridge, Atty. Gen., Don Duff, Frankfort, George F. Williamson, Clark, Manby & Williamson, LaGrange, Robert A. Becht, Louisville, for appellant.

J. F. Thomas, Thomas & Thomas, New Castle, for appellees.

PALMORE, Judge.

The state highway department appeals from a judgment awarding J. W. Brent and wife $20,000 as compensation for the taking of a 13.61-acre portion of their farm in Henry County incident to the construction of Interstate Highway No. 71.

The farm in question consists of 112.2 acres located on the east side of Kentucky Highway 55 near the town of Campbellsburg. It has a dwelling house, two barns, several outbuildings, and five ponds. None of these improvements is within the area condemned.

The right-of-way of the new interstate highway runs in a southwest-northeast direction and cuts across the northwest corner of the farm, leaving a 10.81-acre triangle on one side and 87.78 acres on the other. All of the improvements mentioned above are on the 87.78 acres. The taking includes a strip along the east side of Highway 55, the grade of which has been changed so as to bridge over I–75. The change in grade is located mostly to the

north of the existing driveway entrance to the residence and very substantially affects the value of the 10.81-acre remainder parcel. The farm has a 3-acre tobacco base which is not affected by the taking, but as so often happens the best part of the property for the raising of tobacco lay within the portion taken for the highway.

The values given by the witnesses and found by the jury were as follows:

|  | Before | After | Difference |
|---|---|---|---|
| For the highway department: |  |  |  |
| Snyder | $39,200 | $34,800 | $ 4,400 |
| McMullen | 38,000 | 33,400 | 4,600 |
| For the landowners: |  |  |  |
| Brent (owner) | 67,200 | 40,000 | 27,200 |
| LeCompte | 67,200 | 42,700 | 24,500 |
| Barnett | 67,200 | 41,500 | 25,700 |
| The verdict: | 56,000 | 36,000 | 20,000 |

The department contends that the amount of the verdict is excessive at first blush and that it is not supported by substantial evidence.

■ Though it is frequently used, the "first blush" theory is hard to define. Cf. Commonwealth Dept. of Highways v. Stocker, Ky., 423 S.W.2d 510 (1968). It may in fact be a misnomer. Presumably, however, it applies not when an award is judged excessive upon a careful analysis, but when the award is so great that its excessiveness is obvious without looking beyond the essential facts and circumstances of the case. We do not believe this case falls in the latter category. On the other hand, if it appears from an analysis of the evidence that the amount of the verdict is not supported by testimony that would justify an impartial referee in arriving at that figure, then the verdict is not supported by substantial evidence and it should be set aside whether the degree of excessiveness be great or small. Under that principle the verdict in this case must be set aside.

■ All of the witnesses for the landowner valued the property before the taking at $600 per acre and relied substantially on the same four comparable sales, as follows:

|  | Acreage | Price per acre | Improvements, etc. |
|---|---|---|---|
| Herrell—Lawrence | 46 | $652 | House and barn (barn inferior). 1.27-acre tobacco allotment. |
| Berry—Durrett | 80 | $506 | None. .7-acre tobacco allotment. |
| Ellegood—Kreckel | 62 | $495 | House and barns (all inferior). 1.72-acre tobacco allotment. |
| Chilton—Ransdell | 40 | $500 | Improvements inferior. 1.01-acre tobacco allotment. |

It will be noted that the jury valued the property at $500 per acre before the taking. Unquestionably that figure is supported by substantial evidence. It is the *reduction in value per acre* of the land left after the taking that lacks substantial evidentiary support. The three witnesses Brent, LeCompte and Barrett extolled the virtues of the Brent farm over the four comparable properties, all of lesser size than the 87.78-acre remainder portion of Brent, all with less tobacco base, and none with better improvements, and then proceeded without satisfactory explanation or reason to evaluate the remainder tract at less per acre than any one of their comparables. Although the dollar amounts of the after-values estimated by the department's witnesses were less than the $36,000 found by the jury (following, of course, from the fact that their before-values also were less than the jury's), they were not less per acre than the before-values.

The after-value fixed by the jury is $367 per acre counting the 10.81-acre triangle and $409 per acre if the 10.81 acres be written off as a dead loss (which, however, they are not). The 87.78-acre remainder has all the improvements, and the tobacco allotment remains as before. There is no evidence that is substantial in amount or degree to support the conclusion that the property left after the taking was worth $100 or so per acre less than what it was worth before. The fact that the new highway will be there, with the smells and sounds of traffic; that Highway 55 when widened will be a few feet nearer the residence; that some fencing will have to be done; and that the portion of the farm taken was the best of it are all factors tending to prove some degree of lesser value in the remainder, but not much. The right-of-way of I–71 is 200 feet from the home and the traffic lanes will run through a cut or cuts below the level of the adjacent ground. The new right-of-way line of Highway 55 will be 70 feet from the house, but the road itself is only to be widened, with the center line remaining as before. At least 72 acres of the remainder land is tillable ground.

All of the aforementioned factors are straws in the wind, but when added together they do not have the persuasive force and weight to justify a prudent and impartial jury in finding that they knock $100 an acre off the value of the 87.78 acres.

Commonwealth Dept. of Highways v. Blincoe, Ky., 418 S.W.2d 731 (1967) involved property 1½ miles from Bardstown, and it was proved that some of the portion taken was in demand for building lots. Our opinion upholding an award of $18,050 for the taking of 18.69 acres does not qualify as a precedent for upholding this one.

The judgment is reversed with directions for a new trial.

All concur.