COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,

v.

Leonard DELOTEUS and Dorothy Deloteus, his wife and Prudential Life Insurance Company of America, Mortgagee, Appellees.

Court of Appeals of Kentucky.

Feb. 14, 1969.

Rehearing Denied Oct. 10, 1969.

John B. Breckinridge, Atty. Gen., Don Duff, Acting Gen. Counsel, Dept. of Highways, Frankfort, Charles W. Huddleston, Bowling Green, for appellant.

Jerry Moore, Bell, Orr & Reynolds, Bowling Green, for appellees.

CULLEN, Commissioner.

The Commonwealth of Kentucky, Department of Highways, appeals from a judgment awarding Leonard Deloteus and wife $5,750 as damages in the condemnation of a strip of land seven feet deep along the 100-foot frontage of the Deloteuses' residential property in Bowling

Green. The claims of error are that the court permitted increase in traffic to be used as an element of damages and that the verdict is excessive.

Prior to the condemnation there was a 25-foot-wide blacktop street, on a fifty-foot-wide right-of-way, in front of the Deloteuses' property. The street was a dead-end residential street. The Department of Highways decided to use this street as part of the course for a new boulevard to serve as a connecting link between two U. S. highways, making it a main traffic artery. The plans called for a four-lane concrete road, having a forty-foot-wide paved surface, with curb and sidewalk. The existing right-of-way was wide enough to accommodate the new pavement, with a few feet to spare, but not to accommodate the sidewalk. Accordingly, the strip seven feet deep along the front of the Deloteuses' property was condemned, to provide space for the sidewalk.

Before the taking the Deloteuses' house was 50 feet from the edge of the right-of-way of the old street, and 67 feet from the edge of the pavement. The right-of-way of the new highway is 43 feet, and the edge of the new pavement 55 feet, from the house. Five trees were on the strip condemned. There was no substantial change in the elevation of the roadway.

Only two appraisal witnesses testified, one for the Commonwealth and one for the property owners. McCrocklin, for the Commonwealth, estimated the "before" value at $23,310 and the "after" value at $23,150, for a difference of $150. Long, for the property owners, fixed a "before" value of $28,000 and an "after" value of $20,000 for a difference of $8,000. If support is to be found for the verdict of $5,750 it must be in the testimony of Long.

On direct examination Long merely stated his qualifications and gave his "before" and "after" values, without mentioning any of the factors he took into consideration. Of course he was not required to give supporting factors to make his testimony *competent*, but without an indication of supporting factors his testimony fell far short of having sufficient *probative value* to support a verdict anywhere approaching his estimate of $8,000 difference in value, because on the basis of the damage factors shown in the other evidence in the case up to that point no such amount of damages could reasonably be found to have occurred. See Commonwealth, Department of Highways v. Tyree, Ky., 365 S.W.2d 472.

On cross-examination Long was asked what factors he had taken into consideration. He mentioned increased traffic, a drainage problem, and the taking of the trees. (Up to that point in the trial the court had excluded any reference to increased traffic as a damage factor, and properly so, because the pavement on which the increased traffic would flow was being constructed entirely within the bounds of the right-of-way which the public already owned. See Commonwealth, Department of Highways v. Cleveland, Ky., 407 S.W.2d 417.) When Long was asked whether increased traffic was a "substantial factor" in his estimate he said that it was not, but he gave no suggestion of any other factor of major significance. At the close of the cross-examination the Commonwealth moved that all of his testimony be stricken, which motion was overruled.

Counsel for the landowners argue that the Commonwealth, after Long said that increased traffic was not a substantial factor in his estimate of damages, should have asked him to eliminate the factor of increased traffic and state a revised estimate of damages, and since the Commonwealth did not follow that procedure Long's original damage estimate cannot be attacked on appeal as being based on an improper factor. They rely on Commonwealth, Department of Highways v. Mayes, Ky., 388 S.W.2d 125.

The difficulty with the preceding argument is that, unless increased traffic

be counted as a major factor of damages, Long's estimate of damages is palpably extravagant on its face. Long said that the factor of increased traffic was not a substantial one in his estimate; therefore it cannot be considered to have furnished any material support for his estimate. Without such support the estimate does not have sufficient probative value to sustain a verdict of the amount here given.

Furthermore, there was no evidence in the case of the extent of potential traffic increase because the trial court, properly, had ruled such evidence inadmissible. So there was nothing in Long's testimony except the bare *words,* "increased traffic," in support of any amount of damages for that factor he may have included in his estimate.

It is our conclusion that the evidence lacked sufficient probative value to sustain a verdict of the amount that was returned. Cf. Commonwealth, Department of Highways v. Brent, Ky., 436 S.W.2d 781 (decided January 31, 1969).

The judgment is reversed with directions for further proceedings in conformity with this opinion.

All concur.