**COMMONWEALTH of Kentucky, DEPARTMENT of HIGHWAYS, Appellant,**

v.

**E. E. GIBSON et al., Appellees.**

Court of Appeals of Kentucky.

Dec. 4, 1970.

Don Duff, General Counsel, Highway Dept., Frankfort, Harvey G. Ershig, Madisonville, George E. Stigger III, Perdue & Stigger, Henderson, for appellant.

William M. Deep, King, Deep, Branaman & Hunt, Henderson, for appellees.

EDWARD P. HILL, Jr., Chief Justice.

The Commonwealth of Kentucky, Department of Highways, is appealing from a judgment awarded to appellees-landowners in the amount of $18,000 as damages for property condemned for highway purposes. The appellant contends that the verdict is palpably excessive under the "first blush" rule and is not sufficiently supported by evidence of probative value.

From appellees' 41.34 acres of gently rolling farm land, located on Kentucky Highway 416 in Henderson County, the appellant took two tracts consisting of 14.30 acres and .32 acres. Remaining are tracts of 26.01 and .71 acres. All improvements, including a five-room, 60-year-old dwelling house, five outbuildings, a barn and a pond, were taken. Appellees have *no* access to the .71-acre tract.

The commissioners appointed by the Henderson County Court awarded the appellees $20,831.50, plus $200 for a temporary easement, which is stipulated as not being in issue here.

The opinions of evaluation witnesses for both sides concerning the before and after values of the land and the verdict are as follow:

| WITNESSES FOR APPELLANT | BEFORE | AFTER | DIFFERENCE |
|---|---|---|---|
| Wilson | $14,469 | $4,161 | $10,308 |
| Hoffman | 14,500 | 3,900 | 10,600 |
| FOR APPELLEES | | | |
| Fryer | 26,500 | 4,000 | 22,500 |
| JURY | | | |
| | 22,000 | 4,000 | 18,000 |

Appellant insists that the verdict is excessive at "first blush." We disagree. This court will not disturb a verdict as excessive unless it is given under passion or prejudice or in disregard of the evidence or instructions of the court. CR 59.01; Commonwealth, Department of Highways v. Gearhart, Ky., 383 S.W.2d 922; Commonwealth, Department of Highways v. Stocker, Ky., 423 S.W.2d 510 (1968).

In support of its argument, appellant cites several cases. It invokes the rule set out in Commonwealth, Department of Highways v. Tyree, Ky., 365 S.W.2d 472, 477 (1963):

"If, however, the jury gives the evidence more weight and value than the maximum it is entitled to, the appellate court has power to set aside the verdict either on the ground of palpable excessiveness or on the ground that it is not sufficiently supported by the evidence."

We agree with this rule and find that it has only a negative application here. Though appellees' only witness testified to comparable sales of property located farther from the property in issue than the sales testified to by appellant's witnesses, this did not make his testimony irrelevant or incompetent. The jury was left to weigh the probative value of this testimony, and we find it was not given undue weight. For a thorough discussion of relevancy, competency, and probative value see *Tyree,* supra.

The jury was under a duty to award damages of no less than $10,000 and no more than $22,000 (we are speaking in approximations for convenience). The result was an award of $8,000 more than appellant's witnesses fixed the difference in before and after values, and $4,000 less than appellees' witness fixed the difference. This cannot be said to be palpably excessive. See Commonwealth, Department of Highways v. Stocker, Ky., 423 S.W.2d 510, wherein it was said that where a verdict is based on substantial evidence of probative value, it will be upheld though the court might prefer the opposite line of evidence or something in between.

Appellant also cites Commonwealth, Department of Highways v. Tabor, Ky., 402 S.W.2d 434 (1966), as standing for the proposition that the court will set aside as excessive an award based on testimony not supported by comparable sales even though the jury in its verdict markedly discounted

the estimates of witnesses for the landowner. *Tabor* is clearly distinguishable because in *Tabor* none of the landowner's witnesses was engaged in a business even remotely relating to real estate. Their testimony was markedly exaggerated and had little probative value. For example, one witness testified that the property in question was worth three times as much as a similar recently sold lot across the street which was at least twice its depth. No such exaggerated testimony is involved here.

In Commonwealth, Department of Highways v. Darch, Ky., 390 S.W.2d 649 (1965), Commonwealth, Department of Highways v. Doolin, Ky., 411 S.W.2d 44 (1967), and Commonwealth, Department of Highways v. Sheffer, Ky., 399 S.W.2d 709 (1965), the testimony of the comparable sales by the landowner and the jury's verdict were greatly disproportionate to the Commonwealth's comparables. For example, in *Doolin* the landowner was awarded $4,500 for .15 acre, amounting to a projected figure of $30,000 per acre. Also, no improvements were taken, and the jury's verdict reflected a higher after value than testified to by any witness. This is the type case which comes within the rationale of *Tyree,* supra.

Appellant's last argument is based on the so-called percentage rule of excessiveness. It contends that since only 34% of the land was taken, the verdict of $18,000 is astronomical by virtue of the fact that it represents 82% of the before value fixed by the jury. It cites *Doolin,* supra, as authority. As appellees point out, *Doolin* did not involve improvements in the property taken.

"To apply a percentage rule would amount to holding that the landowner is to be compensated only for the land actually taken and not for the overall reduction in value of his property to which the constitution entitles him. * * So the department in presenting its 'percentage' argument really has to be main-

taining that there was no overall reduction in value of appellees' farm above the acreage value of land actually taken."

Commonwealth, Department of Highways v. Montgomery, Ky., 442 S.W.2d 288, 289; Commonwealth, Department of Highways v. Carlisle, Ky., 442 S.W.2d 294. The percentage rule has no meaning where the property taken has on it all improvements as it does here.

The judgment is affirmed.

All concur.