**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

v.

**Shelley DEHART et al., Appellees.**

Court of Appeals of Kentucky.

March 26, 1971.

Don Duff, Gen. Counsel, Dept. of Highways, Frankfort, Lewis D. Jones, Dept. of Highways, Flemingsburg, for appellant.

Thomas R. Burns, Morehead, for appellees.

EDWARD P. HILL, Jr., Judge.

The Commonwealth of Kentucky, Department of Highways, is appealing from a verdict and judgment awarding to appellees $25,000 as damages for property condemned for highway purposes. The sole issue is whether or not the verdict is palpably excessive under the "first blush" rule and whether or not it is sufficiently supported by evidence of probative value or so unreasonable as to show the jury rendered it under the influence of passion and prejudice.

Appellant condemned appellees' entire tract consisting of 5.21 acres of unimproved land situated on Kentucky Highway 32 about three and one-half miles northwest of Morehead and about 3500 feet from the I–64 and Kentucky 32 interchange. The tract has a 529-foot frontage on route 32 and is fairly level, its highest and best use being industrial or commercial.

The commissioners appointed by the Rowan County Court awarded the property owners $16,000, and judgment was entered on October 7, 1968, the date of the taking.

At the trial, evaluation witnesses for both sides rendered opinions concerning the value of the land. Summations of these opinions and the jury's verdict are as follows:

### FOR APPELLEES

| Witness | Value |
|---------|-------|
| Jones | $26,000 |

### FOR APPELLANT

| Beck | $14,000 |
|------|---------|
| Clarke | $14,750 |

### VERDICT

$25,000

Appellant's contention centers around the testimony of appellees' only witness, Jones. This witness testified to five comparable sales to arrive at his opinion of the value of appellees' property, which are as follows: (1) Hall to Dykes, September 2, 1967, ten acres for $25,000, or $2,500 per acre, which parcel adjoined the appellees' land and is comparable in many respects; (2) Brown to Tackett, February 5, 1968, less than one acre for $7,500; (3) Chancellor to Hamilton, October 13, 1967, five acres for $10,000, or $2,000 per acre; (4) Dillon and Butcher to Morehead Tobacco Warehouse Company, 2.758 acres for $15,000, or $5,438 per acre, which sale was an older one having taken place in 1963; (5) Caudill to East Kentucky R.E.C.C., June 1967, 0.985 of an acre for $6,000.

Appellant contends that appellees' sales one and three are the only truly comparable sales. It reasons that since appellees used the market-data approach in arriving at the value of their property, sales two, four, and five should not have been considered by the jury since there was no true, willing seller or buyer as is required by this evaluation approach. It contends that sale two is not a comparable under the market-data approach because Tackett

owned the property adjoining this purchased tract, and he, therefore, was willing to pay more than the true market value. On cross-examination, Jones admitted that Tackett might not have purchased the property if it had not adjoined his tract but stated that he felt the transaction nevertheless was entered into by a willing buyer and seller.

It was also developed on cross-examination that Morehead Tobacco Warehouse Company purchased a tract adjoining its property which made it more desirable than if the property were located elsewhere.

As to transaction five, counsel for the Commonwealth established that East Kentucky R.E.C.C. was vested with the power of eminent domain, and by virtue of this fact, there was no willing buyer and seller due to the threat of compulsion to sell. Jones agreed that R.E.C.C. had the power of eminent domain, but he testified that this transaction was negotiated without any mention of this power and that it was entered into by a willing buyer and seller.

Appellees contend that all their comparables are relevant and have full probative value; that sales number one and three are examples of why this property should be worth $25,000. To begin with, they say their property is much more level than that involved in sales number one and three; it has more footage on the highway; utilities and water lines are closer; and there has been business and residential expansion near and moving in the direction of their property since the sales in transactions numbers one and three.

The "first blush" theory is to be applied only when " * · * * the award is so great that its excessiveness is obvious without looking beyond the essential facts and circumstances of the case." Commonwealth, Department of Highways v. Brent, Ky., 436 S.W.2d 781, 782. There is no such palpable excessiveness here.

Nor do we find the verdict was not supported by evidence of sufficient probative value.

The jury was under a duty to award appellees no more than $26,000 and no less than $14,000. The fact that it awarded a sum $1,000 less than that fixed by appellees and $11,000 more than that fixed by appellant does not render the verdict excessive or make it unsupported by sufficient probative evidence. In fact, it shows that the jury was dutifully performing one of the ancient functions assigned to it —weighing the probative value of evidence and choosing that particular testimony most convincing to it. Commonwealth, Department of Highways v. Tyree, Ky., 365 S.W.2d 472, and Commonwealth, Department of Highways v. Gibson, Ky., 461 S.W.2d 65 (1970). When a verdict is based on substantial evidence of probative value it will be upheld even though the court might prefer the opposite line of evidence or something in between. Commonwealth, Department of Highways v. Stocker, Ky., 423 S.W.2d 510. See Commonwealth, Department of Highways v. Garrett, Ky., 447 S.W.2d 596, wherein it was said that the matter of weighing the probative value of comparable sales is properly left to the jury.

The judgment is affirmed.

MILLIKEN, C. J., and OSBORNE, PALMORE, STEINFELD, and REED, JJ., concur.

NEIKIRK, J., does not concur.