COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,

v.

Lewis H. SNEDEGAR et al., Appellees.

Court of Appeals of Kentucky.

May 7, 1971.

Don Duff, Gen. Counsel, Dept. of Highways, Frankfort, Lewis D. Jones, Dept. of Highways, Flemingsburg, for appellant.

Lewis White, White & Peck, Mount Sterling, for appellees.

EDWARD P. HILL, Jr., Judge.

The Commonwealth of Kentucky, Department of Highways, is appealing from a verdict and judgment awarding to appellees $20,000 as damages for property condemned to be used in the relocation and reconstruction of Kentucky Route 111, between Owingsville and Flemingsburg, Kentucky. The appellant contends that the trial court erred in admitting certain photographs into evidence showing the property during construction, saying this revealed temporary conditions not relevant in establishing fair market value. The last contention is the usual one exhorting this court to find the verdict palpably excessive under the "first blush" rule for lack of evidence of sufficient probative value and so unreasonable as to show it was rendered under the influence of passion and prejudice.

The taking consisted of 4.55 acres in fee and 0.356 acres for a permanent easement, or a total of 4.91 acres located on a 126-acre tract of fertile Bath County farmland with good improvements. The Department's plan required a cut across the farm ranging from a maximum of 55 feet in depth (directly in front of the residence) to zero feet and then a fill from 14 feet to 9 feet across the rest of the farm. The severance left approximately 82 acres on one side of this newly relocated Kentucky Route 111 and approximately 40 acres on the other. The only improvement taken was a corn crib. Prior to the taking, the owner had to travel only approximately 400 feet from his residence to a tobacco and feed barn and 40 acres of bottomland. After the taking, he must travel considerably farther by way of the newly constructed entrance onto Kentucky Route 111 and then on Old Kentucky Route 1602 to get to the same part of the farm. These matters were considered by the witnesses in arriving at their before and after values.

The commissioners appointed by the Bath County Court awarded the property owners $18,000. From this both parties appealed to the Bath Circuit Court where the appeals were consolidated for the purpose of the trial.

During the trial, appellees tendered eleven photographs showing various views of this property during the construction phase of the Department's work. There is no

question that a proper foundation was laid for their admission. Appellant argues that under our condemnation laws damages are awarded by subtracting from the before value of the property the after value; that it objected to the admission of these photographs because they were not relevant to the before or after values but focused on the temporary construction phases, and therefore, their admission was prejudicial to its case; that the pictures did not represent how the property would look when construction was completed or how the property looked at the time of the trial.

The admission or exclusion of competent photographic evidence in condemnation proceedings is within the sound discretion of the trial court, and its decision will not be overturned absent a clear showing of prejudice to one of the parties. Commonwealth, Department of Highways v. Garland, Ky., 394 S.W.2d 450 (1965), and Sloan v. Commonwealth, Department of Highways, Ky., 405 S.W.2d 294. See also 23 A.L.R.3d 825. Appellees stress that the jury viewed the condemned property during the trial and that this cured any prejudice the photographs may have created. We agree. Louisville Gas and Electric Co. v. Cornell, Ky., 344 S.W.2d 830 (1961). We are not saying that a view by the jury will always cure the prejudice caused by admitting into evidence photographs irrelevant to the issue of damages. See 23 A.L.R.3d 825, supra, § 3 [c], p. 835, et seq., effect of jury view or its absence, for a thorough discussion of this question. All we hold here is that the admission of the photographs furnished some help to the jury. The view by the jury of the property substantially cured any prejudice resulting from their admission.

At the trial, evaluation witnesses for both sides gave opinions concerning the value of the land before and after the taking. The summations of these opinions and the jury's verdict are as follows:

| WITNESS | BEFORE | AFTER | DIFFERENCE |
|---|---|---|---|
| **APPELLANT** | | | |
| Beck | $57,500 | $47,000 | $10,500 |
| **APPELLEE** | | | |
| Maze | $58,000 | $40,000 | $18,000 |
| Jones | $60,000 | $40,000 | $20,000 |
| **JURY** | | | |
| Verdict | $60,000 | $40,000 | $20,000 |

The "first blush" rule is to be applied only when " * * * the award is so large that its excessiveness is obvious without looking beyond the essential facts and circumstances of the case." Commonwealth, Department of Highways v. Brent, Ky., 436 S.W.2d 781, 782; Commonwealth, Department of Highways v. Dehart, Ky., 465 S.W.2d 720 (decided March 26, 1971). There is no such obvious excessiveness involved here.

The jury was under a duty to award appellees no more than $20,000 and no less than $10,500. The fact that it awarded exactly the amount opined by Jones to be the difference in the before and after values of the land does not render the verdict unsupported by sufficient probative evidence. The jury was simply weighing the probative value of the evidence and choosing the particular testimony most convincing to it. His testimony was not incompetent or irrelevant; therefore, it was within the discretion of the jury to weigh the probative value. This is subject to the exception that the jury must not give clearly undue probative weight to testimony, otherwise competent and relevant; but that is not the case here. See Commonwealth, Department of Highways v. Tyree, Ky., 365 S.W.2d 472, and Commonwealth, Department of Highways v. Gibson, Ky., 461 S.W.2d 65 (1970). When a verdict is based on substantial evidence of probative value, it will be upheld even though the court might prefer the opposite line of evidence or something in between.

Commonwealth, Department of Highways v. Stocker, Ky., 423 S.W.2d 510.

Near the end of its brief, appellant sandwiches in an argument based on the percentage rule of excessiveness. It contends that since only 3.1 percent of the land was taken, the verdict of $20,000 is astronomical by virtue of the fact it represents 33⅓ percent of the before value fixed by the jury.

"To apply a percentage rule would amount to holding that a landowner is to be compensated only for the land actually taken and not for the overall reduction in value of his property to which the Constitution entitles him. So the department in presenting its 'percentage' argument really has to be maintaining that there was no overall reduction in value of appellee's farm above the acreage value of the land actually taken." Commonwealth, Department of Highways v. Montgomery, Ky., 442 S.W.2d 288, 289, also quoted with approval in Commonwealth, Department of Highways v. Gibson, supra, though improvements were taken there.

We cannot say that the amount of the verdict is excessive.

The judgment is affirmed.

All concur.