**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

v.

**Clara CAMPBELL et al., Appellees.**

Court of Appeals of Kentucky.

Oct. 10, 1969.

---

Don Duff, Gen. Counsel, Dept. of Highways, Frankfort, Robert A. Becht, Louisville, George F. Williamson, La Grange, for appellant.

Louis T. Peniston, New Castle, for appellees.

EDWARD P. HILL, Jr., Chief Justice.

This appeal undertakes to reverse a judgment for $11,000 awarded by a jury to appellees for 18.927 acres taken from appellees' 55.65-acre farm for use in the construction of Interstate Highway 71, connecting Cincinnati, Ohio, and Louisville, Kentucky. Also taken for permanent maintenance of a drainage system is .11 of an acre.

Appellant contends (1) it was prejudiced by reference to the fact that appellee Clara Campbell was not present at the trial on account of her illness; (2) the trial court erred in "overruling various motions of appellant to strike the valuation testimony of appellees' witnesses and to admonish the jury not to consider same"; and (3) the "verdict is palpably excessive or insufficiently supported by evidence of probative value."

Before the taking herein, appellees' farm was used for agricultural purposes, having a tobacco base of 1.27 acres. The dwelling was not occupied on May 2, 1966, the date of taking. The dwelling was in a poor state of repair as were the other buildings, except for a 54′ x 56′ barn which was in fairly good condition.

From aerial maps in the record, the 18.927 acres taken came off the west side of the farm and included practically all the better tillable land, and it most recently (before the taking of the photograph) was used to grow tobacco and other cultivated crops.

Before the taking, the farm fronted on U. S. 421 for about 1,000 feet. A large part of this frontage was destroyed by the new construction.

Appellees were awarded $8,303 by the commissioners appointed by the county court. As noted above, the circuit court jury awarded $11,000.

Two experienced, qualified witnesses testified for appellant and fixed the following before and after values on the farm:

|  | Before | After |
|---|---|---|
| Snyder | $18,000 | $35,500 |
| McCullan | 17,000 | 35,000 |

Appellees presented two witnesses apparently as well-qualified and experienced as appellant's two witnesses. They testified to the following before and after values:

|  | Before | After |
|---|---|---|
| Glauber | $28,000 | $17,690 |
| Hobing | 25,000 | 12,900 |

Appellant's after values show an enhancement of the farm of $17,500 and $18,000, while appellees' two witnesses fix the after value at $10,310 and $12,100 less than the before value. Obviously there is a $30,100 difference between the judgment of appellant's most favorable witness and

that of appellees' most favorable witness. It is difficult to understand how supposedly experienced and qualified witnesses could be so far apart in their valuations, but that is the situation. So, what shall this court do in such circumstance?

Inasmuch as we have the jury system where the credibility of the witness is for the jury to decide, we can only look to all the facts to determine whether the evidence supporting the verdict was credible, believable, and probative.

A quick look at the evidence shows appellee Clara Campbell has lost nearly 19 acres of her farm, approximately one-third of it; that she will have to replace 1,000 feet of fence; that after the taking the farm has considerably less frontage on U. S. 421; and that the acreage taken comes out of the best part of her farm. If the highest and best use of the farm is farming, which the jury had a right to conclude from the evidence, it follows that the jury had a right to give some weight to the appellees' contention that appellees sustained some damages from the impairment of the farm as a unit by the loss of one-third of its acreage.

Appellees' witness Hobing fixed the before value of the farm at $454 per acre. By his calculation the land taken had a value of $8,600, to say nothing of the fact that the land taken was far more valuable than her other land.

It is difficult to understand how the appellees' land could be left so near an interchange on a busy interstate highway without being increased in value for commercial purposes. Yet, there was evidence from one of appellees' witnesses that the topography of her land did not lend itself to commercial use.

■ Considering the admitted superior value of the land taken with relation to the remaining acreage and other circumstances above detailed, this court is inclined to find that the amount of the verdict is not so outrageous as to strike the mind at first blush as being excessive. The value per acre fixed by all the witnesses comes pretty close to the amount of the verdict.

■ Appellant's first point relative to references to the illness and absence of appellee Clara Campbell is not considered at all prejudicial to appellant and is without merit. Cases cited are not in point.

■ Appellant's stereotyped second point, that the court should have stricken certain "valuation testimony," is without merit. As herein noted appellees' two witnesses were qualified by practically the same procedure as were appellant's two witnesses. All relied on what they said they considered comparable sales in the community. Both of appellees' witnesses professed to be experienced real estate appraisers familiar with land values. One of them stated he had made a study of land values at interchanges. Although they declined to classify appellees' remaining land as having enhanced value for commercial purposes and tenaciously held to their opinions that the after value of the farm was not affected by commercial suitability and assigned the tenuous reason therefore that appellee Campbell had not had any offers to purchase, we are nevertheless of the opinion that these circumstances went to the credibility of their testimony and presented a jury question. We cannot say, as was said in Commonwealth, Department of Highways v. Dale, Ky., 421 S.W.2d 864, that the trial court should have stricken the entire testimony. In *Dale* the landowner's witnesses frankly admitted they did not know land values around interchanges. That is not the case here.

The judgment is affirmed.

All concur.