**COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,**

**v.**

**E. B. GRIFFIN and Florence M. Griffin, His Wife, Appellees.**

Court of Appeals of Kentucky.

April 2, 1971.

Don Duff, Dept. of Highways, Frankfort, Harvey G. Ershig, Madisonville, Edward Eugene Lanham, Owensboro, for appellant.

William M. Deep, King, Deep, Branaman & Hunt, Henderson, for appellees.

DAVIS, Commissioner.

Incident to construction of the nonaccess toll road known as Pennyrile Parkway, the Department of Highways condemned a tract of 8.56 acres which was part of a farm of 223.53 acres owned by the appellees. In the condemnation proceeding the jury awarded $8,000 to the appellees. The Department has appealed, contending that (1) the verdict is palpably excessive and without sufficient evidentiary support, and (2) noncompensable factors were erroneously used in evidence for the appellees.

The farm is situated on U.S. Highway 41, about twelve miles south of Henderson. The right of way was taken from the rear portion of the farm so that the frontage on U.S. 41 was not affected. After the taking, a tract of 2.34 acres will lie on the east side of the turnpike, severed from the remaining 212.6 acres situated on the west side of Pennyrile Parkway. The severed tract will have frontage of about 440 feet along Quinn's Landing Road. No improvement was embraced in the taking.

For the Department, two appraisal witnesses testified to differences in before and after values of $3,300 and $2,700. According to one of these witnesses, the before value was $78,500 and the after value $75,200. The other thought the before value was $82,700 and the after value $80,000.

Only one witness expressed his opinion of values for the appellees. He testified that the before value was $105,000. He put the after value at $96,500, resulting in a difference of $8,500. The jury's before value was $97,005, its after value $89,005, resulting in its verdict of $8,000.

■ If the land's highest and best use had been agricultural, there would be strong basis for the Department's contention that the verdict is excessive. However, it was shown by competent evidence that the land's proximity to Green River and the RECC facility known as Big Rivers gave it a market potentiality for industrial development at prices greater than those commanded by agricultural tracts. The "barrier" occasioned by construction of the nonaccess road severely impaired that industrial development potentiality according to evidence for the appellees. The jury was authorized to accept as credible the evidence presented for appellees. The evidence for the Department, to some extent at least, recognized the industrial development potentiality and the current market demand for such property in the area. In these circumstances, the jury's verdict does not appear palpably excessive. It does have evidentiary support sufficient to sustain it and will not be disturbed. Cf. Commonwealth, Department of Highways v. Campbell, Ky., 445 S.W.2d 689; Commonwealth, Department of Highways v. Carlisle, Ky., 442 S.W.2d 294.

■ The Department contends that the matters of loss of access, circuity of travel, and inconvenience were erroneously put in evidence for appellees, resulting in an award for noncompensable factors. An examination of the transcript fails to disclose that evidence for the appellees was directly addressed to the items of which the Department complains. The only appraisal witness offered by appellees gave

no evidence suggesting consideration of noncompensable factors in his evaluations. There were a few questions from which the jury may have drawn an inference to that effect. However, the Department made no request that any evidence be stricken, nor did it seek any admonition by the court to the jury respecting any of the references to noncompensable items. In the instructions given to the jury, there was no authorization for considering as compensable any noncompensable items. In these circumstances, even if error had been committed by reception of improper evidence (which is a matter not necessary to decide), the Department has not preserved the question for appellate review for the reasons given in Commonwealth, Department of Highways v. Shaw, Ky., 390 S.W.2d 161, and reiterated in Commonwealth, Department of Highways v. Adkins, Ky., 396 S.W.2d 768.

The judgment is affirmed.

MILLIKEN, C. J., and EDWARD P. HILL, OSBORNE, PALMORE, REED and STEINFELD, JJ., concur.

NEIKIRK, J., dissents.