COMMONWEALTH of Kentucky, DEPARTMENT OF HIGHWAYS, Appellant,

v.

S. E. SEXTON and Dorothy Sexton, Appellees.

Court of Appeals of Kentucky.

April 19, 1974.

Carl T. Miller, Jr., Gen. Counsel, Dept. of Highways, Frankfort, Tyler C. Bourne, Byrd & Alexander, Paducah, Kenneth P. Alexander, Paducah, for appellant.

Raymond B. Dycus, Smithland, for appellees.

CATINNA, Commissioner.

S. E. Sexton and his wife, Dorothy Sexton, owned an ell-shaped tract of approximately twenty-one acres located at the intersection of U.S. Highway 62–641 and Kentucky 917, approximately 800 feet west of the Cumberland River Bridge. One side of the tract fronted on Kentucky 917, and between 200 and 225 feet fronted on U.S. Highway 62–641. At the intersection, Sexton owned a grocery store and filling station, and extending eastwardly along Highway 62–641 toward the river there were located a frame residence and office and a motel consisting of three units. There were three cottages facing Kentucky 917.

For the purpose of widening Highway 62–641 so that it would be a four-lane road from the Cumberland River bridge to the bridge at the Tennessee River, the Department of Highways condemned an area of 0.21 acres which consisted of all the frontage on Highway 62–641 and extended northwardly along Highway 917 approximately 72 feet, the tract being wider at the east and west ends than it was in the center. There were included in the land taken the store building and service station; the motel was not taken.

The tract was taken for the purpose of building an access road from Kentucky 917 in an eastwardly direction across Sexton's land and onto another tract. The necessity of the access road was brought about by the fact that after the department completed the project it erected a chain-link, access-control fence along U.S. 62–641 from the bridge west to 917 and along 917 for a distance of 72 feet. The access road was to enable Sexton to continue to use the residence, office, and motel located on his property which had formerly fronted on Highway 62–641. However, as the access road took the parking area, it was not possible for occupants to park in front of the motel without blocking the road. There was a bluff to the rear of the motel which restricted parking in that area. By way of

summary, the department took all of Sexton's frontage on U.S. 62 and erected a barrier in the form of an access fence which denied him the use of this property in conjunction with the highway. Sexton also lost the grocery store building, service station, and parking area for the residence and motel units.

There was a county-court award of $44,500 which was appealed by the department with a resultant circuit-court verdict of $50,000 upon which verdict judgment in the amount of $44,500 was entered. The department asserts as the only error the fact that "the verdict is palpably excessive and is not supported by evidence of sufficient probative value."

The evidence as to the values of the property before and after the taking, together with the verdict of the jury, was as follows:

### FOR APPELLANT

| WITNESS | BEFORE | AFTER | DIFFER-ENCE |
|---|---|---|---|
| Gilliam | $ 92,000 | $64,000 | $28,000 |
| Sloan | 88,850 | 65,375 | 23,475 |

### FOR APPELLEES

| WITNESS | BEFORE | AFTER | DIFFERENCE |
|---|---|---|---|
| Sexton | 150,000 | 75,000 | 75,000 |
| Smith | 135,500 | 90,000 | 45,500 |
| Stegar | 145,500 | 91,000 | 54,500 |
| Fugate | 125,000 | 75,000 | 50,000 |

### VERDICT

| | BEFORE | AFTER | DIFFERENCE |
|---|---|---|---|
| Jury | 140,000 | 90,000 | 50,000 |

The Highway Department devoted approximately seven pages of its twelve-page brief in quoting evidence given by Sexton's witnesses in an effort to disqualify them because they did not give the exact area of the tract taken. However, each of the witnesses testified that he was familiar with the property before and after the taking and that he knew what property was being taken. In fact, the evidence indicates that these witnesses had been upon the property after the department had removed the store building and marked the tract which it proposed to use. The department does not question the qualification of these witnesses as experts or as competent appraisers of

real estate, and we do not feel that the fact that the witnesses did not state with exactitude the area of the tract being taken has any substantial bearing upon their evidence or opinions expressed. In truth, if the department had not made its maps and plans available, its own witnesses would have been unable to give the exact area of the tract that was taken. The values testified to by Sexton's witnesses were supported by substantial facts concerning the before and after values which they gave in the evidence.

Upon the testimony of these witnesses, there was sufficient evidence of probative value to support the verdict of the jury, and it will not be disturbed. Com., Dept. of Highways v. Tyree, Ky., 365 S.W.2d 472 (1963); Com., Dept. of Highways v. Stocker, Ky., 423 S.W.2d 519 (1968); Com., Dept. of Highways v. Griffin, Ky., 465 S.W.2d 271 (1971); Com., Dept. of Highways v. Snedegar, Ky., 466 S.W.2d 954 (1971). Cf. Com., Dept. of Highways v. Friend, Ky., 500 S.W.2d 405 (1973).

The judgment is affirmed.

All concur.